A. Y. MILLER v. LILLIAN VANDERBURT HENRY AND DAVID PATRICK
HENRY.

(Filed 12 April, 1967.)

**1. Automobiles § 33—**

A pedestrian has the same rights and responsibilities as a motorist in
regard to the right of way at an intersection controlled by automatic
traffic signals.

**2. Negligence § 21—**

Defendant is not required to prove lack of negligence on his part, but
the burden is on plaintiff to show affirmatively and by the greater weight
of the evidence that defendant was negligent and that such negligence
proximately caused the injury.

**3. Automobiles § 41—**

Plaintiff's evidence was to the effect that he attempted to cross a street
at an intersection controlled by automatic traffic signals when the light
was red for traffic along the street he was crossing. Defendant's evidence
was to the effect that she drove into the intersection with the green traffic
light when traffic along the street plaintiff was attempting to cross was
in motion. *Held:* The conflicting evidence raises an issue for the jury,
and in the absence of error in the trial, the verdict of the jury is final.

**4. Trial § 38—**

If a party desires fuller or more specific instructions on a particular
aspect of the case he should make a special request therefor prior to ver-
dict.

APPEAL by plaintiff from *Froneberger, J.*, at 21 November, 1966,
"A" Civil Session of MECKLENBURG Superior Court.

This is a civil action in which plaintiff seeks to recover a money
judgment for personal injuries allegedly sustained by reason of the
negligence of the defendants.

The accident from which this action arose occurred at the in-
tersection of the Plaza and 36th Street in the city of Charlotte, at
approximately 12:30 P.M., on 4 June, 1964. The Plaza is a four-
lane street running generally in a northerly and southerly direction,

and 36th Street runs in an easterly and westerly direction, and dead-ends at the western edge of the Plaza.

The plaintiff presented evidence tending to show that he undertook to cross on foot from the east side of the Plaza to the west side just north of the intersection at a time when the traffic signals were red for the traffic on the Plaza. Defendant was driving her family purpose automobile in a northerly direction on the inside lane of the Plaza, at a speed of 45 to 50 miles an hour. She ran the red light and struck the plaintiff with the front of her automobile while he was crossing her lane of traffic.

The defendant's evidence, however, tended to show she was traveling at a speed of 20 miles per hour; that as she approached the intersection of 36th Street with the Plaza she observed the traffic signal and it was green for her, and that traffic was moving in both directions along the Plaza. She proceeded through the intersection and just as she was about through it she felt a thud and discovered that plaintiff had hit her right rear fender. She introduced photographs showing that the damage to her automobile was to the right rear fender.

The jury answered the issue of negligence in favor of the defendant and the plaintiff appealed, assigning exceptions to the charge.

*A. A. Bailey, Gary A. Davis for plaintiff appellant.*
*Carpenter, Webb & Golding for defendant appellees.*

PLESS, J. The crucial question in this case was "Who had the green light?" In *Hyder v. Battery Co.*, 242 N.C. 553, 89 S.E. 2d 124, the Court went fully into the subject of traffic lights. "It is the duty of the driver of an automobile approaching a street intersection, when faced with a municipally maintained traffic signal showing red, to stop before entering. It is also true that if faced with a green light the driver is warranted in moving into the intersection, unless the circumstances are such as to indicate caution to one of reasonable prudence. 'A green traffic light permits travel to proceed and one who has a favorable light is relieved of some of the care which otherwise is placed on drivers at intersections, since the danger under such circumstances is less than if there were no signals. However, a green or "go" light or signal is not an absolute guarantee of a right to cross the intersection solely in reliance thereon without the necessity of making any observation and without any regard to traffic conditions at, or other persons or vehicles within, the intersection. A green or "go" signal is not a command to go, but a quali-

fied permission to proceed lawfully and carefully in the direction indicated. In other words, notwithstanding a favorable light, the fundamental obligation of using due and reasonable care applies. 60 C.J.S. 855.' 'The fact that the operator of a motor vehicle may have a green light facing him as he approaches and enters an intersection where traffic is regulated by automatic traffic control signals, does not relieve him of the legal duty to maintain a proper lookout, to keep his vehicle under reasonable control * * * *Cox v. Freight Lines, supra.*' The driver of an automobile is under no duty to anticipate negligence on the part of others in the absence of anything which should give notice to the contrary, and the law does not impose on a driver facing a green light the duty to anticipate that one approaching along the intersecting street facing a red light will fail to stop."

While the above deals with the operation of motor vehicles, a pedestrian has the same rights, or responsibilities as the case may be, as a driver.

Upon the conflicting evidence of the parties the case became one for the jury to determine.

The plaintiff, an aged man, testified that he started across the Plaza when the traffic light was red for the automobile traffic on the Plaza, and, necessarily, green for him. That the defendant, driving 45-50 miles per hour and ignoring the red light as she proceeded north on the Plaza, struck him with the front of her car and caused serious personal injuries.

The defendant's evidence was in direct contradiction. It tended to show that the traffic light was in her favor, and that as she traversed the intersection at 20 miles per hour she heard a thud at the rear of her car; that she had almost gotten through the intersection at the time in question and, in effect, the plaintiff had walked into the rear of her car. She introduced pictures in support of her evidence that showed a dent at the top of her rear fender. The plaintiff offered no evidence of damage to her car at any other place.

Both parties offered evidence in support of their respective positions, but the determination devolved upon what the jury found to be the truth of the matter under investigation. In such case the one with the burden of proof must discharge it. The defendant is not required to prove a lack of negligence — the plaintiff must affirmatively, and by the greater weight of the evidence, prove that the defendant was negligent and that it proximately caused him injury. "Neither negligence nor proximate cause is presumed from the mere fact of an accident and injury. Indeed, in the absence of evidence to the contrary it will be presumed that defendant exercised due care.

And the burden rests upon plaintiff to prove both negligence and proximate cause by the greater weight of the evidence." Strong's Index, Vol. 3, Negligence, Sec. 21.

The evidence and parts of the charge related to whether the plaintiff was attempting to cross the highway at a crosswalk. While we find no error in this regard the fact remains that whoever had the green light had the superior right to traverse the intersection and to assume that the other would recognize it and conduct himself accordingly. A pedestrian at a crosswalk acquires no additional rights against a red traffic light, nor is the motorist absolved solely because the pedestrian is not at a crosswalk.

The judge fully and correctly charged the jury upon negligence and proximate cause, dealing with the duty of the driver of a car to keep a proper lookout; keep the car under control; operate at a lawful rate of speed and one that is reasonable and prudent; to yield the right of way when faced with a red traffic light, and to exercise due care.

The plaintiff complains that the court did not deal with alleged reckless driving, but we consider that unnecessary under this evidence. The plaintiff apparently did, too, at the trial, for the record shows no request that it be included in the charge. "If the defendants desired fuller or more specific instructions than those given in the general charge, they should have asked for them, and not waited until the verdict had gone against them." *Simmons v. Davenport,* 140 N.C. 407; 53 S.E. 225.

The jury, upon seriously disputed contentions and evidence, found that the plaintiff had failed to substantiate his claims. We can find no real substance in the plaintiff's contentions, and hold that the trial was free from substantial error.

No error.