Ethel Mae **GRIER**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. A. No. 2205.**

United States District Court
W. D. North Carolina,
Charlotte Division.

Oct. 14, 1968.

Joel L. Kirkley, Jr., Charlotte, N. C., for plaintiff.

William M. Medford, U. S. Atty., Asheville, N. C., Joseph R. Cruciani, Asst. U. S. Atty., Charlotte, N. C., for defendant.

## MEMORANDUM OF DECISION

McMILLAN, District Judge.

Ethel Mae Grier sued the United States under the Tort Claims Act, 28 U.S.C. § 1346(b) (1964), for damages for bodily injuries sustained when she collided with a United States mail truck in Charlotte on November 1, 1965, while trying to cross College Street at Fourth Street. The case was tried by the Court without a jury, pursuant to 28 U.S.C. § 2402 (1964).

■ At the intersection pedestrian and vehicular traffic was controlled by a duly installed red-yellow-green traffic light. Under North Carolina law, despite the color of a traffic light, both driver and pedestrian have the duty to keep a proper lookout and otherwise to use reasonable care. The green light entitles pedestrian or motorist to proceed, in the exercise of ordinary care, only until circumstances give or should give notice that danger is threatened. Miller v. Henry, 270 N.C. 97, 153 S.E.2d 798 (1967); Rosser, Administratrix, v. Smith, 260 N.C. 647, 133 S.E.2d 499 (1963).

■■ The plaintiff, about sixty years old, was traveling west on the south side of Fourth Street, crossing College Street. College Street is one way, northbound, and about forty feet wide. Mrs. Grier walked or ran in front of a northbound car driven by Mrs. Dorothy Newton. Mrs. Newton, by an emergency stop, barely avoided hitting the plaintiff.

While Mrs. Newton sat there, "shook up," the plaintiff continued at a fast walk or run across in front of the Newton automobile and into the path of a United States mail truck driven by Herman Franklin Pruitt, Jr., which was also traveling north on College Street behind and to the left of the Newton automobile. The mail truck speed was around twenty or twenty-five miles an hour; there was no evidence that this speed violated any specific speed limit, or that it was unreasonable under the circumstances.

The mail truck driver Pruitt cut his truck to the left when the plaintiff came in sight. The plaintiff and the truck collided about the south crosswalk, and the truck stopped before reaching the north side of the intersection, less than thirty feet from the point of collision. Mrs. Grier testified that she did not see the truck before it hit her. Pruitt testified that he stopped as quick as he could when the plaintiff appeared on the right, heading across his path.

The plaintiff testified that the light was green when she started across the street, and that she "did not see it," if it turned a different color. This raised a question of fact on one material point. However, she did not in her pleadings allege that the light was green in her favor, or that the defendant ran a red light; she made no statement to persons at the scene, including the police officers, or to her husband later on, that she had a green light in her favor; and every witness testified against her on that point. Pruitt testified that the light was green when he was perhaps half a block away, and was still green at the time of the collision. Mrs. Newton, going the same way as Pruitt, testified that the light was green in his favor; and all corroborating circumstances unite against the plaintiff on that issue. Of perhaps even greater significance is the fact, obvious from the evidence, that the plaintiff kept no lookout at all as she ventured forth, and was saved from major injury only by alertness of Mrs. Newton and Pruitt.

Although Mrs. Grier evokes sympathy because she sustained moderately serious and temporarily disabling injuries, and because of her deplorably low wages,* it is apparent that the traffic light was green for the defendant and red for the plaintiff when each of them entered the intersection; that Pruitt was not warned nor placed on notice of danger of a collision until the plaintiff suddenly appeared crossing in front of Mrs. Newton's decelerating car; that he could not, in the exercise of due care, thereafter have avoided the collision; and that the plaintiff kept no lookout at all for her own safety.

In other words, the Court finds clear negligence on the part of the plaintiff, and no negligence on the part of the defendant.

Based on the foregoing findings of fact and conclusions of law, the defendant's motion for directed verdict and for judgment at the close of all the evidence was allowed.

---

* Mrs. Grier testified that her take home pay as a salad maker in the cafeteria in Belk's store in Charlotte was $18.00 a week for six days of work from 8:30 a. m. to 3:00 p. m.!