BEN WILLIAM POMPEY v. EDA SIGMON HYDER

No. 7027SC382

(Filed 15 July 1970)

1. **Automobiles § 62— striking pedestrian at intersection — sufficiency of evidence**

    In this action for personal injuries received when plaintiff pedestrian was struck by defendant's left-turning automobile at an intersection, defendant's motion for a directed verdict was properly denied where plaintiff's evidence tended to show that plaintiff was crossing the street within an unmarked crosswalk at the intersection when he was struck by defendant's automobile, and that defendant failed to keep a proper lookout and failed to yield the right-of-way to plaintiff.

2. **Rules of Civil Procedure § 50— directed verdict on ground of contributory negligence**

    Motion for a directed verdict on the ground of contributory negligence should be allowed only when plaintiff's evidence, considered in the light most favorable to him, so clearly establishes his own negligence as one of the proximate causes of his injuries that no other reasonable inference might be drawn therefrom. Rule of Civil Procedure No. 50.

3. **Automobiles §§ 62, 83— contributory negligence of pedestrian — jury question**

Even if the evidence of plaintiff pedestrian showed that he was crossing the street at an angle and not within an unmarked crosswalk when he was struck at an intersection by defendant's left-turning automobile, defendant's motion for directed verdict was properly denied where there was evidence from which the jury could find that defendant failed to use due care to avoid colliding with plaintiff in violation of G.S. 20-174(e), a pedestrian's failure to yield the right-of-way not being contributory negligence *per se* but being evidence of negligence to be considered with other evidence in the case.

APPEAL by plaintiff from *Falls, J.,* 19 February 1970 Session, CLEVELAND Superior Court.

This is an action brought by a pedestrian against a motorist. At the conclusion of plaintiff's evidence defendant moved for a directed verdict as provided by Rule 50 of the Rules of Civil Procedure on the grounds that plaintiff had failed to show negligence on the part of defendant and that plaintiff was negligent as a matter of law. The evidence most favorable to plaintiff is summarized as follows.

The accident occurred on 9 December 1965 about 6:45 a.m., before dawn, at the intersection of First Street, S.W., and First Avenue, S.W., in the City of Hickory, North Carolina. First Street, S.W., runs in a north-south direction, and First Avenue, S.W., runs in an east-west direction. There was a traffic control light located in the center of the intersection. There was a Smile Service Station located in the southwest quadrant of the intersection and the Burns Building in the southeast quadrant of the intersection on the southside of First Avenue, S.W. The defendant was operating her 1965 Chevrolet automobile with her headlights on in a westerly direction along First Avenue, S.W., and approached the intersection from the east. The defendant made a left turn (south) into First Street, S.W., and struck the plaintiff who was crossing First Street, S.W. At the time the plaintiff was struck the traffic light at the intersection was green for westbound traffic, the direction in which the defendant was traveling prior to her turn; and the light was red for north and southbound traffic on First Street, S.W., the street which plaintiff was crossing. The plaintiff, before leaving the corner on the east side and starting across the street, observed that there was no traffic approaching and that the light was favorable

to him. He looked again when he reached the center of the street and saw no cars approaching. Between the center of First Street, S.W., and the west curb thereof he was struck by the defendant's automobile. An eyewitness stated that plaintiff was struck when he was about five feet from the west side of the street. The defendant stated to the investigating officer that she did not see the plaintiff until the time of the impact. She never sounded her horn.

The sidewalk on the southside of First Avenue, S.W., as it intersects the east side of First Street, S.W., is unpaved and very narrow. The Burns Building comes within three feet of the street. A driveway at the Smile Service Station is located on the west side of First Street, S.W., about five feet from the intersection with First Avenue, S.W. Between the driveway and the street there is a transformer pole and sign. Although plaintiff had not completed his crossing, he intended to go to the driveway "to catch the sidewalk rather than walk around the transformer." The left front fender of defendant's automobile struck plaintiff who was injured as a result of the collision.

Defendant's motion for a directed verdict against plaintiff was allowed and plaintiff appealed.

*Hamrick, Mauney and Flowers by Fred A. Flowers for plaintiff appellant.*

*Kennedy, Kennedy and Church by Michael S. Kennedy for defendant appellee.*

VAUGHN, J.

[1, 2] The only question on the appeal is whether plaintiff's evidence, taken in the light most favorable to him and giving to it the benefit of every reasonable inference which can be drawn therefrom was sufficient to withstand defendant's motion for a directed verdict. We hold that it was. The jury could reasonably have found, among other things, that plaintiff was struck by defendant's car while he was crossing First Street, S.W., within an unmarked crosswalk at an intersection, that defendant failed to keep a proper lookout and failed to yield the right-of-way to plaintiff as required by law. These and other permissible findings and inferences would support a jury verdict for plaintiff. *Wagoner v. Butcher,* 6 N.C. App. 221, 170 S.E. 2d 151. Nor was the

motion properly allowed on the ground that plaintiff was negligent as a matter of law. This would have been proper only if plaintiff's evidence, considered in the light most favorable to him, so clearly established his own negligence as one of the proximate causes of his injuries that no other reasonable inference might be drawn therefrom. *Bowen v. Gardner,* 275 N.C. 363, 168 S.E. 2d 47. *Carter v. Murray,* 7 N.C. App. 171, 171 S.E. 2d 810.

[3] Even if defendant were correct in her contention that plaintiff's evidence showed that plaintiff was crossing the street at an angle and not in an unmarked crosswalk at the intersection, the case would still have been one for the jury. There was evidence from which the jury could find that defendant motorist failed to use due care to avoid colliding with the plaintiff pedestrian as required by law. G.S. 20-174(e). A pedestrian's failure to yield the right-of-way is not contributory negligence *per se,* but rather it is evidence of negligence to be considered with other evidence in the case in determining whether the pedestrian is chargeable with negligence which proximately caused, or contributed to, his injury. *Bank v. Phillips,* 236 N.C. 470, 73 S.E. 2d 323.

Reversed.

CAMPBELL and BRITT, JJ., concur.