GLADYS W. DUKE v. EDWARD S. MEISKY AND WELLS FARGO ARMORED SERVICE CORPORATION

No. 7118SC575

(Filed 15 September 1971)

1. Appeal and Error § 24— assignment presenting different questions of law

The grouping under a single assignment of error of a number of exceptions which raise distinct and different questions of law relating to the admission or exclusion of evidence does not conform with Court of Appeals Rule 19(c).

2. Evidence § 50— medical opinion testimony

The trial court did not err in permitting an expert in general surgery to testify, in response to a hypothetical question, that in his opinion there was a probability that the blows which plaintiff received in the accident in question "could cause a growth to enlarge and spread."

3. **Rules of Civil Procedure §§ 41, 50— motion for directed verdict — motion to dismiss**

　　In a jury trial, the appropriate motion by which a defendant tests the sufficiency of plaintiff's evidence to permit a recovery is the motion for a directed verdict under G.S. 1A-1, Rule 50(a); the motion for dismissal under G.S. 1A-1, Rule 41(b) performs a similar function in a nonjury trial.

4. **Rules of Civil Procedure § 7— statement of rule number in motions**

　　All motions must state the rule number or numbers under which the movant is proceeding. Rule 6, General Rules of Practice for the Superior and District Courts Supplemental to the Rules of Civil Procedure.

5. **Automobiles § 40— pedestrian's right-of-way**

　　Where a pedestrian and a turning motorist are both proceeding at an intersection under favorable signal lights, the right of the pedestrian to proceed is superior to that of the turning motorist.

6. **Automobiles § 62— striking pedestrian at intersection — sufficiency of evidence of negligence**

　　In this action for injuries received when plaintiff pedestrian was struck by defendants' left-turning vehicle at an intersection while both plaintiff and defendant driver were proceeding under favorable signal lights, defendants' motion for directed verdict was properly denied where there was ample evidence from which the jury could find that plaintiff was within a marked crosswalk when struck, and that defendant driver failed to keep a proper lookout and to yield the right-of-way, and the evidence does not disclose that plaintiff was contributorily negligent as a matter of law.

APPEAL by defendants from *Kivett, Judge,* 12 April 1971 Civil Session of Superior Court held in GUILFORD County, Greensboro Division.

Civil action to recover damages for personal injuries sustained when plaintiff, a pedestrian, was struck by an armored truck owned by the corporate defendant and operated by its employee, the individual defendant, while acting in the course and scope of his employment. The accident occurred shortly after 9:00 a.m. on 24 September 1968 at the intersection of East Market and Davie Streets in the City of Greensboro. At that point East Market Street runs east-west, and Davie Street north-south. Vehicular traffic at the intersection was controlled by electric signal lights. A marked crosswalk for pedestrians extended across Davie Street from the northwest to the northeast corner of the intersection. There was an electric "WALK" and "DON'T WALK" signal at the northeast corner facing pedestrians walk-

---

Duke v. Meisky

---

ing eastward in the crosswalk. All signal lights were functioning properly.

Defendants' truck, proceeding eastward on East Market Street, entered the intersection facing a favorable green light and turned left across the crosswalk in order to proceed north on Davie Street. In so doing it struck plaintiff, who was walking eastward across Davie Street while facing a favorable "WALK" sign. Plaintiff alleged that she was walking within the marked crosswalk and was struck when she had reached a point approximately midway between the northwest and northeast corners of the intersection. She alleged that defendant driver was negligent in failing to maintain a proper lookout, in failing to yield the right-of-way to plaintiff in violation of G.S. 20-155(c) and of Section 12-31 of the Greensboro Code of Ordinances, in failing to exercise due care to avoid striking the plaintiff and to give warning by sounding the horn in violation of G.S. 20-174(e), and in other respects. Defendants denied negligence on the part of defendant driver, denied that plaintiff was walking within the marked crosswalk, alleged that plaintiff was struck at a point approximately ten feet north of the north line of the marked crosswalk, and pleaded that plaintiff was contributorily negligent in jaywalking directly into the path of defendants' truck, in failing to keep a proper lookout, and in failing to yield the right-of-way in violation of G.S. 20-174(a) and (c).

At the close of plaintiff's evidence, defendants moved to dismiss on the grounds that plaintiff had failed to establish negligence on the part of defendants and that plaintiff's own testimony established her contributory negligence as a matter of law. The motion was overruled. Defendants did not offer any evidence, renewed their motion to dismiss, and asked for a directed verdict in their favor. Defendants' motion was overruled, and the case was submitted to the jury which answered issues of negligence and contributory negligence in plaintiff's favor and awarded plaintiff damages in the amount of $53,000.00. From judgment on the verdict, defendants appealed.

*Jordan, Wright, Nichols, Caffrey & Hill by Luke Wright; and Smith & Patterson by Norman B. Smith for plaintiff appellee.*

*Sapp & Sapp by Armistead W. Sapp, Jr., for defendant appellants.*

PARKER, Judge.

[1]  In the record on appeal appellants have grouped three exceptions under the heading "Assignment of Error No. 1," twenty-six exceptions under the heading "Assignment of Error No. 2," and nine exceptions under the heading "Assignment of Error No. 3." While all of these relate to rulings admitting or excluding evidence, in the case of each grouping several distinct and different questions of law are presented. This method of grouping exceptions does not conform with the Rules of Practice in this Court. Rule 19(c) provides that all exceptions relied on shall be grouped and separately numbered. In interpreting its cognate rule, our Supreme Court has held that "[t]his grouping of the exceptions assigned as error (sometimes for brevity also called 'assignments of error') should bring together all of the exceptions which present a single question of law." *Conrad v. Conrad,* 252 N.C. 412, 113 S.E. 2d 912. "An assignment of error must present a single question of law for consideration by the court." *Dobias v. White,* 240 N.C. 680, 83 S.E. 2d 785. The purpose of this requirement is to bring into focus the several distinct questions of law which the appellant wishes the appellate court to consider. That purpose is defeated when, as here, appellant jumbles together in the same assignment of error a number of exceptions which undertake to raise quite distinct and different questions of law. It is not enough that all exceptions grouped under a single assignment may present questions in the field of the law of evidence; that field is far too broad to serve as an adequate focusing device for present purposes, as anyone who has glanced at Wigmore can attest.

[2]  While appellants' failure to comply with the Rules has made our task more difficult, we have nevertheless carefully considered all of the separate questions raised by the exceptions which appellants have lumped together under each of the headings "Assignment of Error No. 1," "Assignment of Error No. 2," and "Assignment of Error No. 3," and find no prejudicial error. Plaintiff testified that for several years prior to the accident she had had a small lump on her chest and that a few weeks "or maybe a month" after being struck "it started paining me terrifically because it was bruised black," and that "it stayed like that until sometime in December and it started growing like wildfire." Plaintiff's physician, Dr. Lyday, testified from an

Duke v. Meisky

examination which he made of the plaintiff within two weeks prior to the trial that in such examination he found on plaintiff's breast a "large, bulging tumor mass," "the size at least of a pear," which he diagnosed as cancerous. In response to a hypothetical question, Dr. Lyday testified that in his opinion there was a probability that the blows which plaintiff received in the accident "could cause a growth to enlarge and spread." We find no error in admitting this testimony. Defendants' counsel had stipulated the doctor was an expert physician specializing in the field of general surgery. The hypothetical question called for the doctor's opinion as to whether the growth on plaintiff's body "could or might to a reasonable degree of medical probability have been activated by the blows and bruises" received by plaintiff in the accident. The hypothetical question was in a form which has been approved by our Supreme Court, Stansbury, N. C. Evidence 2d, § 137, and there was evidence from which the jury could find the facts to be as stated in the question. On cross-examination by defendants' counsel, the doctor testified that during the two months he had attended plaintiff while she was in the hospital immediately following the accident, he had not himself observed any bruises on her body in the area of the lump on her chest. This would not, however, preclude the jury from finding that such bruises in fact existed, since plaintiff had so testified. There was, therefore, sufficient evidence to support the jury's finding the facts to be as stated in the hypothetical question. In overruling defendants' objection to the hypothetical question and their motion to strike the doctor's answer, we find no error. We have also carefully considered and find no prejudicial error in the other rulings on evidence as to which appellants complain and which are the subject of the numerous exceptions grouped in their first three assignments of error.

[3, 4] In Assignment of Error No. 4 appellants contend that "[t]he Court erred in not granting defendants' motions for involuntary dismissal of this action at the close of plaintiff's evidence and at the close of all the evidence." Where, as here, a case is tried before a jury, the appropriate motion by which a defendant tests the sufficiency of plaintiff's evidence to permit a recovery is the motion for a directed verdict under Rule 50(a) of the Rules of Civil Procedure. The motion for involuntary dismissal, made under Rule 41(b), performs

a similar function in an action tried by the court without a jury. Effective 1 July 1970 our Supreme Court adopted, pursuant to G.S. 7A-34, "General Rules of Practice for the Superior and District Courts Supplemental to the Rules of Civil Procedure." Rule 6 of these Rules contains the following:

> "All motions, written or oral, shall state the rule number or numbers under which the movant is proceeding."

It does not appear from the record before us that defendants complied with Rule 6. It does appear that, at least when their motion was first made at the close of plaintiff's evidence, they misnamed their motion as a motion to dismiss rather than as a motion for a directed verdict. In phrasing their Assignment of Error No. 4, appellants have continued the misnomer. While such imprecision is not to be encouraged, it would appear that the trial judge considered defendants' motions as having been correctly made under Rule 50 (a), and we shall do likewise.

[5, 6] There was no error in overruling defendants' motions. Contrary to appellants' contentions, there was ample evidence from which the jury could find that plaintiff was within the marked crosswalk when defendants' truck first hit her. She testified that she walked on the sidewalk on Market Street to the corner, that the sign said "WALK," and that she walked "straight on down." After the accident her body was found lying two or three feet in front of defendants' truck at a point north of the crosswalk, but the rear of the truck was still partially in the crosswalk and one of plaintiff's shoes was found exactly on the northernmost crosswalk line underneath the rear of the truck. The investigating officer testified that defendant driver stated he didn't see the plaintiff and didn't know whether she was in the crosswalk or not. While both the plaintiff and the truck were proceeding under favorable signal lights, this Court has held that under similar circumstances the right of the pedestrian to proceed is superior to that of the turning motorist. *Wagoner v. Butcher,* 6 N.C. App. 221, 170 S.E. 2d 151; *Pompey v. Hyder,* 9 N.C. App. 30, 175 S.E. 2d 319; See: Annotation, 2 A.L.R. 3d 155, at page 182. Viewing all the evidence in the light most favorable to the plaintiff, there was ample evidence from which the jury could find that defendant driver was negligent in failing to keep a proper lookout and in failing to yield the right-of-way.

Southwire Co. v. Mfg. Co. and Pope v. Mfg. Co.

The issue of contributory negligence was properly submitted to the jury. Certainly nothing in the evidence would compel the conclusion that plaintiff was contributorily negligent as a matter of law.

We have carefully examined all of appellants' remaining exceptions and in the trial and judgment appealed from find

No error.

Judges BRITT and MORRIS concur.