CABARRUS MEMORIAL HOSPITAL v. WILLIAM WHITLEY

No. 7319DC410

(Filed 11 July 1973)

1. Contracts § 17— agreement to pay another's hospital expenses — termination

An agreement signed by defendant at the time his stepfather was admitted to a hospital in which he promised to pay the hospital expenses of his stepfather from date of admission to discharge was an executory contract which involved continuing performance from day to day with no time fixed for its duration and was subject to termination by either party upon reasonable notice; consequently, defendant is not liable for hospital expenses of his stepfather after defendant notified the hospital he would no longer be responsible for such expenses and the hospital chose to honor the request of the patient's son that his father remain in the hospital even though defendant had requested his discharge.

2. **Trial § 48— erroneous instructions as to damages — correct result by jury — refusal to award new trial**

 The trial court did not abuse its discretion in refusing to set aside the verdict and order a new trial where the court erroneously instructed the jury to award plaintiff the full amount requested in the complaint or nothing at all, but the jury disregarded such instructions and reached the proper result.

APPEAL by plaintiff from *Montgomery, Judge,* 22 January 1973 Session of District Court held in CABARRUS County.

This action was instituted by Cabarrus Memorial Hospital to recover from the defendant, William Whitley, the sum of $3,369.50 which is alleged to be the balance due on the hospital bill of Walter Alexander Edgison.

The only evidence submitted by the plaintiff was the hospital bill of Walter Alexander Edgison, shown as Exhibit A, together with a stipulation by the defendant that the signature of William Whitley appearing thereon was genuine and that he had signed such agreement. The agreement which appears as a form on the hospital in-patient ledger for W. A. Edgison is as follows:

 "I agree to pay the hospital, at the customary rate charged, for the expenses of the patient named hereon, from the date of admission shown to discharge. (Signed) William Whitley (seal) 6-1-69. Witness: R. Webb."

Exhibit A shows a total bill of $4,265.60 of which $896.10 has been paid by Medicare leaving a balance due of $3,369.50.

Exhibit A also shows admission date as 1 June 1969 and date of discharge as 30 September 1969 with a continuing daily record of the amount then due. On 3 July 1969 the amount due was $1,069.85.

The defendant testified in substance that he took his stepfather, Walter Alexander Edgison, to the plaintiff hospital on 1 June 1969 in a helpless condition. At the time of the admission of Mr. Edgison, defendant signed the agreement introduced by plaintiff but made an effort to move his stepfather from the hospital on 3 July 1969 and put him in a nursing home. His son would not permit such removal, and defendant went to the collections manager for the hospital, James M. Byrd, and told him that he would not be responsible any longer for the hospital bill. This was on 3 July 1969 and again upon a later occasion.

James M. Byrd confirmed that the defendant came to see him at the hospital in July 1969 and told him that he (defendant) could no longer be responsible for the bill, and he told the defendant he could not relieve him of the responsibility.

The court instructed the jury that plaintiff was entitled to recover the full sum of $3,369.50 or nothing at all. The following issue was submitted to the jury and answered as indicated:

"What amount, if any, does the defendant owe the plaintiff?

ANSWER: Defendant should be liable for payment up to July 3, 1969."

Plaintiff's motion to set aside the verdict was denied and judgment was entered against the defendant for the sum of $1,069.85 which was the amount of the hospital bill on 3 July 1969.

From this judgment, plaintiff appealed.

*Hartsell, Hartsell & Mills, by W. Erwin Spainhour, for plaintiff appellant.*

*Williams, Willeford & Boger, by John R. Boger, Jr., for defendant appellee.*

BALEY, Judge.

The plaintiff assigns as error the failure of the court to set aside the verdict of the jury and grant a new trial upon the ground that the jury disregarded the instructions of the court with respect to the amount which could be awarded as recovery. The court instructed the jury if it believed the evidence of the plaintiff to award recovery of $3,369.50, the amount requested in the complaint, or nothing at all.

[1] The determination of this question requires an interpretation of the agreement signed by the defendant in which he promised to pay the hospital expenses of his stepfather, Walter Alexander Edgison, from date of admission to discharge. We hold that this agreement was an executory contract which involved continuing performance from day to day with no time fixed for its duration and was subject to termination by either party upon reasonable notice. The time of "discharge" was uncertain and within the control of either party with or without

the consent of the other. Plaintiff-hospital could not be forced to render services indefinitely upon a mere promise to pay, and the defendant could not be oligated to pay for an indeterminate period. The only reasonable intention that can be imputed to the parties is that the contract may be terminated by either on giving reasonable notice to the other.

In North Carolina, a contract which calls for continuing performance and does not establish any time duration is terminable at will by either party assuming proper notice is given. *Fulghum v. Selma* and *Griffis v. Selma,* 238 N.C. 100, 76 S.E. 2d 368.

> " 'When the parties to a contract express no period for its duration, and no definite time can be implied from the nature of the contract or from the circumstances surrounding them, it would be unreasonable to impute to the parties an intention to make a contract binding themselves perpetually. In such a case the courts hold with practical unanimity that the only reasonable intention that can be imputed to the parties is that the contract may be terminated by either, on giving reasonable notice of his intention to the other.' " *Fulghum v. Selma, supra* at 104, 76 S.E. 2d at 371. See also *Rubber Co. v. Distributors,* 253 N.C. 459, 117 S.E. 2d 479; *Atkinson v. Wilkerson,* 10 N.C. App. 643, 179 S.E. 2d 872.

The evidence is undisputed that the defendant notified the hospital on 3 July 1969 that he would no longer be responsible for the accumulating charges and attempted to discharge his stepfather from the hospital. The hospital chose to honor the request of the patient's son, a third party who had assumed no responsibility under the original contract, that his father remain in the hospital even though the defendant had requested his discharge. Plaintiff acted at its own risk and could not hold the defendant responsible for additional expenses which accrued after the notice and attempted discharge but only for the amount of the hospital bill to the date of the attempted discharge.

The objections of the plaintiff to the admissibility of evidence of the notice to the hospital on 3 July 1969 and the attempted discharge of the patient in order to terminate defendant's obligation to pay cannot be sustained. The evidence was both relevant and material to show that defendant's actions would prevent the plaintiff from continuing to perform services

in the expectation of receiving payment from the defendant and would permit the plaintiff to protect itself from future loss. *See* Stansbury, N. C. Evidence, § 78 (Brandis Revision, 1973).

[2] The instructions of the court with respect to the issue of damages were erroneous, and the jury disregarded them. There was evidence before the jury to sustain a finding of some amount less than $3,369.50. The hospital bill of the patient offered in evidence by the plaintiff was itemized and indicated the amount due at the end of each day. The jury found that "[d]efendant should be liable for payment up to July 3, 1969." According to the hospital bill this was $1,069.85. Although there is some question about the application of Medicare funds, the defendant has not appealed from the judgment. The court in its discretion accepted the verdict of the jury and awarded judgment for $1,069.85. We find no abuse of discretion and hold that his refusal to grant the motion for a new trial was proper. *Robinette v. Wike,* 265 N.C. 551, 144 S.E. 2d 594; 7 Strong, N. C. Index 2d, Trial, § 48.

The result in this case although obtained in unorthodox manner affords substantial justice between the parties. We find no prejudicial error.

No error.

Judges BROCK and VAUGHN concur.