Riggs v. Foster & Co. and Hill v. Foster & Co.

LINDA H. RIGGS, ANGELA DENISE RIGGS (BY GUARDIAN AD LITEM), CYNTHIA GAIL RIGGS (BY GUARDIAN AD LITEM), ANTHONY CHARLES RIGGS (BY GUARDIAN AD LITEM), AND CHARLES LOUIS RIGGS v. R. G. FOSTER & COMPANY

— AND —

ELLIOTT D. HILL AND MICHAEL ELLIOTT HILL, THIRD-PARTY PLAINTIFFS v. R. G. FOSTER & COMPANY, THIRD-PARTY DEFENDANT

No. 748SC798

(Filed 2 January 1975)

1. **Appeal and Error § 48— testimony admitted over objection — subsequent similar testimony admitted without objection**

    Testimony to which plaintiffs objected on the ground that it invaded the province of the jury and other testimony which plaintiffs contended was not preceded by a proper foundation was properly admitted by the trial court, but, in any event, subsequent witnesses were allowed to give testimony to the same effect without objection from plaintiffs.

2. **Appeal and Error § 30— assignment of error to evidence — inclusion of numerous exceptions improper**

    The grouping under a single assignment of error of a number of exceptions which raise separate and distinct questions of law relating to the admission or exclusion of evidence does not comply with the provisions of Rule 19(c), Rules of Practice in the Court of Appeals.

3. **Appeal and Error § 48; Evidence § 25— drawing used to illustrate testimony — no prejudice**

Plaintiffs were not prejudiced by a witness's use of a drawing to illustrate his testimony where plaintiffs had a blackboard drawing almost identical to the drawing in question before the jury from the time the trial began and where other witnesses were allowed to use the drawing to illustrate their testimony without objection.

4. **Appeal and Error § 31— assignment of error to charge — inclusion of fifteen exceptions improper**

An assignment of error embracing some fifteen exceptions to the trial court's charge did not comply with Rule 19(c) of the Rules of Practice of the Court of Appeals.

APPEAL by plaintiffs from *Lanier, Judge,* 20 May 1974, Civil Jury Session, Superior Court, held in LENOIR County. Heard in Court of Appeals 10 December 1974.

This litigation arose from an automobile collision which occurred on 29 October 1970 in Lenoir County. On that day at about three o'clock p.m., Linda H. Riggs was operating a 1968 Chevrolet automobile, owned by Charles Louis Riggs, in a southerly direction on N. C. Highway No. 11 at a point where the Grifton Bypass, then under construction, intersected it from the south. Michael Hill, operating an automobile owned by his father, was travelling in a northerly direction on Highway 11. He had come through a barricade placed on the highway by R. G. Foster & Company to prevent traffic from entering that portion of the highway not then open to vehicular traffic. The barricade was in the form of well-marked barrels spaced at intervals across the highway but with sufficient space between the barrels and the median to the right (defendant Hill's right as he approached the closed portion of the highway) at least for a car to pass. There were no flagmen at the point which was supposed to be closed to traffic. Hill hit the car driven by Linda H. Riggs on its left front. The collision was almost head-on. The Hill car left eight feet of skid marks. Angela Denise Riggs, Cynthia Gail Riggs, and Anthony Charles Riggs are the children of Linda H. Riggs. They were all passengers in her car. Linda H. Riggs and the children all were painfully injured in the accident as was Michael Hill. Linda Riggs and her children through guardians ad litem, each brought a suit against R. G. Foster & Company, Continental Insurance Company and Michael Hill and his father for damages for personal injuries. Charles Louis Riggs also brought a suit for property damages. The Hills, as third-party plaintiffs, brought a claim against Foster and Con-

Riggs v. Foster & Co. and Hill v. Foster & Co.

tinental and Linda Riggs for personal injuries and property damages. The Riggses subsequently filed a stipulation of dismissal with prejudice as to the Hills, and the Hills also entered into a similar stipulation as to Linda and Charles Louis Riggs.

The five cases were consolidated for trial, the only defendant being R. G. Foster & Company. The jury verdict was against all plaintiffs, and they appealed.

*White, Allen, Hooten and Hines, P.A., by John R. Hooten, for plaintiff appellants.*

*Teague, Johnson, Patterson, Dilthey & Clay, by Robert M. Clay and Robert W. Sumner, for defendant appellee.*

MORRIS, Judge.

[1, 2]  Plaintiffs urge that the court erred in admitting testimony of witnesses Edwards, Moore, and Johnson with respect to the barrels placed across the road. Witnesses Edwards and Moore testified that when they saw the barrels, they understood that they were to bear to the right, and witness Johnson testified that it appeared plainly marked which way he was supposed to go. Under the same assignment of error plaintiffs contend that the court should not have allowed witness Merritt, District Engineer for the North Carolina Department of Transportation, to testify that the barrels and barricades which he saw at the scene were in accordance with the plans and specifications on the highway project, nor should witness Howard have been permitted to testify that the barrels met the specifications and customs of the road building industry and that the signs leading up to the project were placed and located in accordance with the customs and practices of the industry. The assignment of error also embraces exceptions to the court's allowing witness Howard to testify that it was not customary to use a watchman under the circumstances existing at the scene of the collision. To support their exceptions grouped under this assignment of error, plaintiffs contend that as to witnesses Edwards, Moore and Johnson, the testimony elicited invaded the province of the jury in that the legal efficacy of the barricade was for the jury. The questions propounded to the witnesses, however, did not call for an opinion as to whether the barricade was legally sufficient. They merely requested the witness to relate what the barrels placed there indicated to him in terms of what the movement of his car should be in response to the barrels. This was relevant

and admissible. In any event, subsequent witnesses were allowed to testify to the same effect without objection from plaintiffs. As to witnesses Merritt and Howard, plaintiffs contend that no proper foundation was laid to permit them to testify as to customs and practices (as to Howard) and as to the specifications for the project then under construction (as to Merritt). We think a sufficient foundation was laid. In any event witness Rouse was subsequently allowed to testify to substantially the same effect without objection from plaintiffs. We call appellants' attention to *Nye v. Development Co.,* 10 N.C. App. 676, 679, 179 S.E. 2d 795 (1971), cert. denied 278 N.C. 702 (1971), where we said that our rules require that "any single assignment of error must present a single question of law. Clearly, more than one exception may be grouped under a single assignment of error, but this may be done only when all the exceptions relate to but a single question of law." The grouping under a single assignment of error of a number of exceptions which raise separate and distinct questions of law relating to the admission or exclusion of evidence does not comply with the provisions of Rule 19(c), Rules of Practice in the Court of Appeals of North Carolina. *Duke v. Meisky,* 12 N.C. App. 329, 183 S.E. 2d 292 (1971).

[3] By assignment of error No. 2 plaintiffs argue that the court erred in allowing, over objection, Defense Exhibit No. 1 to be introduced into evidence for the purpose of illustrating the testimony of the witness Merritt, District Engineer for the North Carolina Department of Transportation. Plaintiffs contend that the exhibit had not been sufficiently authenticated. The witness testified that he could illustrate his testimony by the use of the drawing and that the barricade appeared thereon "at about where the one was at." Whether there is sufficient evidence of the correctness of such an exhibit to render it competent to be introduced into evidence for the purpose of use by the witness to illustrate or explain his testimony is "a preliminary question of fact for the trial judge." *State v. Gardner,* 228 N.C. 567, 573, 46 S.E. 2d 824 (1948). In any event, even if the evidence, at the time of introduction, was not adequate sufficiently to authenticate the exhibit, prejudicial error is not made to appear. The exhibit was almost identical to plaintiffs' Exhibit 48, the blackboard diagram, which had been observed by the jury and the witnesses since the trial began. Additionally, other witnesses used the exhibit to illustrate their testimony

without objection. We perceive no prejudice. This assignment is overruled.

[4] Appellants' remaining assignment of error embraces some 15 exceptions to the charge. This assignment of error is even more subject to criticism than the first one discussed above for failure to comply with Rule 19(c). See *Nye v. Development Co., supra,* and *Duke v. Meisky, supra.* Because they have failed to comply with the rules, appellants are not entitled to have us review their exceptions to the charge of the court. Nevertheless, we have examined each exception. The court instructed in accordance with the existing applicable statutory and case law and in accordance with the theory of the case adopted at trial by plaintiffs, who did not request additional or different instructions on any aspect of the case which they now say did not receive adequate treatment in the court's instructions. See *Miller v. Henry,* 270 N.C. 97, 153 S.E. 2d 798 (1967), and *Smith v. Bonney,* 215 N.C. 183, 1 S.E. 2d 371 (1939).

No error.

Chief Judge BROCK and Judge ARNOLD concur.