SUPERIOR FOODS, INC. v. HARRIS-TEETER SUPER MARKETS, INC., AND MERICO, INC.

No. 7426SC818

(Filed 15 January 1975)

1. Contracts § 28— termination of contract — notice — usage of trade

In an action to recover for a retail grocer's alleged breach of contract to purchase biscuits manufactured by plaintiff for sale under the grocer's private label, the trial court sufficiently instructed the jury on contract law relating to notice to be given upon termination of such a contract with no definite duration and did not err in failing to instruct the jury on statutory law in the Uniform Commercial Code pertaining to "usage of trade."

2. Appeal and Error § 50— error in instructions cured by verdict

Error, if any, in the court's failure to instruct the jury on statutes in the Uniform Commercial Code pertaining to plaintiff's remedies or damages upon breach of contract by defendant was not prejudicial where the jury found that defendant had not breached its contract with plaintiff.

APPEAL by plaintiff from *Ervin, Judge,* 1 April 1974 Session of Superior Court held in MECKLENBURG County. Heard in the Court of Appeals on 11 December 1974.

Civil action to recover damages for breach of contract. Plaintiff's evidence tended to show the following: Plaintiff is a manufacturer of refrigerated biscuits. In 1968 he agreed to supply defendant Harris-Teeter with biscuits packaged under a private label. It was agreed that if Harris-Teeter ever stopped buying plaintiff's biscuits then Harris-Teeter would pay plaintiff for any finished goods, cans, and labels on hand. Before such an arrangement is terminated by a retailer, such as Harris-Teeter, it is customary for the retailer to give at least fifteen days notice. The retailer then chooses a new supplier, and this new supplier contacts the old one so that the latter's inventory of materials may be used by the new supplier. Harris-Teeter abruptly ended their purchase of plaintiff's biscuits and chose a new supplier, defendant Merico, Inc. Consequently, plaintiff was left with a large supply of unused cans and labels which apparently could not be resold and which defendants never purchased.

Defendant offered no evidence.

At the close of plaintiff's evidence the trial court entered a directed verdict in favor of defendant Merico, Inc. The question of defendant Harris-Teeter's liability was submitted to a jury which answered in favor of Harris-Teeter. From a decree that plaintiff recover nothing from defendant Harris-Teeter, plaintiff appealed.

*Grier, Parker, Poe, Thompson, Bernstein, Gage, & Preston, by Gaston H. Gage, for plaintiff appellant.*

*Wade & Carmichael, by R. C. Carmichael, Jr., for defendant appellee Harris-Teeter Super Markets, Inc.*

MARTIN, Judge.

Plaintiff contends the trial court erred in giving certain jury instructions where there was no evidence to support such instructions. It is obvious that the record on appeal does not contain all the evidence presented at trial. "If an exception is based upon the ground that there was no evidence to sustain the instruction, this Court cannot pass upon it unless all of the evidence is sent up." *Atwell v. Shook*, 133 N.C. 387, 45 S.E. 777 (1903). At any rate, that evidence which is in the record does not support plaintiff's contentions. Plaintiff's assignments of error in this regard are overruled.

[1]   Next, plaintiff argues the trial court erred in its instructions regarding the notice to be given upon termination of a contract with no definite duration. The court's instruction was almost identical to this Court's statement of the law on this subject in *Hospital v. Whitley,* 18 N.C. App. 595, 197 S.E. 2d 631 (1973). This assignment of error is overruled.

Plaintiff also contends it was prejudicial error for the court not to instruct the jury on certain statutory law in the Uniform Commercial Code pertaining to "usage of trade." The evidence of "usage of trade" relevant to the transaction in question concerned the kind of notice customarily given by a retailer before terminating a contract similar to one between plaintiff and Harris-Teeter. In this regard, the trial court instructed the jury that they should consider "the prior dealings between the parties, . . . , the practice in the trade as it relates to these two parties, and all other circumstances which relate to this transaction." The trial court fully charged on contract law, and plaintiff made no request for additional instructions. If plaintiff desired fuller or more specific instructions on this aspect of the case, he should have asked for them, and not waited until the verdict had gone against him. *Miller v. Henry,* 270 N.C. 97, 153 S.E. 2d 798 (1967).

[2]   Finally, plaintiff contends the trial court should have instructed the jury on statutory law in the Uniform Commercial Code pertaining to his various remedies or damages available *upon breach of contract* by Harris-Teeter. If there was error it was not prejudicial because the rights of the parties as to a breach of contract by Harris-Teeter were determined by the jury in favor of Harris-Teeter. The jury found, in effect, that Harris-Teeter had not breached any contractual duty it may have owed plaintiff. Where the rights of the parties are determined by the jury's answer to one of the issues, error relating to another issue cannot be prejudicial. 1 Strong, N. C. Index 2d, Appeal and Error, § 53, p. 211-212.

No error.

Judges MORRIS and ARNOLD concur.