HANOVER COMPANY v. JOHN M. TWISDALE, TWISDALE MFG. CO., INC., M. C. BROWN, TRUSTEE, AND NORTH CAROLINA NATIONAL BANK

No. 7813SC970

(Filed 31 July 1979)

1. **Evidence § 11— conversations with person who subsequently died — admissibility**

    In an action to recover for labor and materials for work done on property owned by the individual defendant, testimony concerning conversations with an agent of defendants who died before trial was not admitted in violation of G.S. 8-51, since the testimony was not against the representative of the deceased person, and since G.S. 8-51 does not render an interested witness incompetent to testify to a transaction between himself and a deceased agent of his opponent.

2. **Principal and Agent § 4.2— conversations with agent — proof of agency**

    The trial court did not err in admitting testimony of witnesses about conversations with an alleged agent of defendants where such agency was admitted by the individual defendant, and the agent's apparent authority was indicated by the testimony of several witnesses.

3. **Contracts § 26.1— evidence outside contract—modifications—admissibility**

There was no merit to defendants' contention that the trial court erred in allowing plaintiff to present evidence *aliunde* the written contract, since the challenged testimony dealt with alleged modifications or additions made subsequent to the execution of the written contract.

4. **Appeal and Error § 53— error relating to one issue—cure by verdict**

Where the rights of the parties are determined by the jury's answer to one of the issues, error relating to another issue cannot be prejudicial.

APPEAL by defendants John M. Twisdale and Twisdale Mfg. Co., Inc. from *Herring, Judge.* Judgment entered 3 March 1978 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 27 June 1979.

Plaintiff instituted this civil action alleging that defendants John M. Twisdale and Twisdale Mfg. Co., Inc. (the only defendants involved in this appeal) contracted with plaintiff for plaintiff to provide labor and materials for work done on property owned by defendant John M. Twisdale. Defendants filed answer denying the material allegations of the complaint. They also counterclaimed for damages on the ground that plaintiff failed to perform work required under the contract.

At trial, evidence for plaintiff tended to show that it entered into a contract to perform certain clearing and filling jobs on heavily wooded property belonging to the individual defendant. The transactions leading to the contract were conducted between employees of plaintiff and Mr. U. J. LeBlanc, an agent of defendants. Defendants objected to testimony from plaintiff's witnesses about negotiations with LeBlanc on grounds of the dead man statute and the parol evidence rule. The objections were overruled. Plaintiff's evidence tended to show that LeBlanc had approved all of the work done and that the invoices submitted to Twisdale Mfg. Co. amounted to $43,562.20. Defendants had paid only $27,445.90 of this amount, leaving a difference of $16,116.30 still owing.

Defendants offered the expert testimony of a civil engineer tending to show that the amount of fill claimed by plaintiff to have been put on defendants' property was less than that provided in the contract. The individual defendant gave testimony indicating that the delay of the plaintiff in working on the project caused additional expenses not attributable to defendants. The witness gave other testimony indicating that plaintiff had not

complied with the terms of the contract in other particulars. A land surveyor also testified for defendants that the amount of fill used by the plaintiff was less than called for in the contract.

On rebuttal, plaintiff presented the expert testimony of a civil engineer who tended to substantiate plaintiff's claims as to the amount of fill and excavation work done on the property in question.

The following issues were submitted to and answered by the jury:

1. Did the Plaintiff, Hanover Company, enter into additional oral contracts for furnishing additional labor, materials and equipment with the defendants? Yes

2. If so, did the Plaintiff, Hanover Company, perform its obligations according to the contracts? Yes

3. Did the defendants breach their contracts with the Plaintiff as alleged? Yes

4. Did the Plaintiff breach its contracts with the Defendants as alleged? No

5. What sum, if any, is the Plaintiff, Hanover Company, entitled to recover from the Defendants for breach of contracts for the furnishing of labor, equipment and materials? $14,000

6. What sum, if any, are the Defendants entitled to recover from the Plaintiff for breach of the contracts? Nothing

From entry of judgment in accordance with the jury verdict, defendants appealed.

*Murchison, Fox & Newton, by Frank B. Gibson, Jr. and William R. Shell, for defendants appellant.*

*Stevens, McGhee, Morgan & Lennon, by Karl W. McGhee and Henry V. Ward, Jr., for plaintiff appellee.*

MORRIS, Chief Judge.

[1] Defendants first contend that the trial court erred in allowing witnesses for the plaintiff to testify about conversations with

U. J. LeBlanc, an agent of defendants. The witnesses testified that negotiations leading to the contract were conducted between them and LeBlanc and that LeBlanc was present on the job site as defendants' agent. The witnesses testified generally that LeBlanc directed the project and authorized frequent changes from the written contract. For example, the superintendent for plaintiff testified: "Additional equipment other than that which was contemplated was used on this project. Mr. LeBlanc authorized this equipment. It was necessary for extra work that had to be done over and above the contract." Defendants contend that this and similar testimony violates G.S. 8-51 since LeBlanc was dead at the time of the trial. We disagree.

The challenged testimony was not admitted in violation of G.S. 8-51. That statute prohibits testimony from witnesses in certain circumstances "against the executor, administrator or survivor of a deceased person. . . ." A witness is not regarded as testifying "against" the representative unless such representative is a party to the litigation. 1 Stansbury, N.C. Evidence (Brandis Rev. 1973), § 71, p. 217. Here, the challenged testimony was obviously not against the representative of the deceased person. Moreover, our Supreme Court has held that G.S. 8-51 does not render an interested witness incompetent to testify to a transaction between himself and a deceased agent of his opponent. *Bailey v. Westmoreland*, 251 N.C. 843, 112 S.E. 2d 517 (1960).

[2] Defendants also contend that the testimony of the witnesses about conversations with LeBlanc should have been excluded on the basis of this statement of our Supreme Court in *Commercial Solvents v. Johnson*, 235 N.C. 237, 241, 69 S.E. 2d 716, 719 (1952):

"While proof of agency, as well as its nature and extent, may be made by the direct testimony of the alleged agent . . . nevertheless it is well established that, as against the principal, evidence of declarations or statements of an alleged agent made out of Court is not admissible to prove the fact of agency or its nature and extent. . . ."

However, the stated rule is subject to several exceptions, one of which is clearly applicable to the facts disclosed by this record:

And in applying this rule, ordinarily the extrajudicial statement or declaration of the alleged agent may not be

given in evidence, unless (1) the fact of agency appears from other evidence, and also unless it be made to appear by other evidence that the making of such statement or declaration was (2) within the authority of the agent or, (3) as to persons dealing with the agent, within the apparent authority of the agent. *Commercial Solvents v. Johnson, supra,* 235 N.C. 237 at 241, 69 S.E. 2d 716 at 719.

Here, in his pleadings and testimony, the individual defendant admitted LeBlanc's agency. Moreover, LeBlanc's apparent authority was indicated by the testimony of several witnesses.

[3] Defendants next contend that the trial court committed error in allowing plaintiff to present evidence *aliunde* the written contract. The defendants cite the general rule in North Carolina prohibiting parol or extrinsic evidence to contradict the terms of a written contract which has been introduced into evidence. Defendants cite various parts of the testimony in support of their contention that the trial judge allowed testimony on contravention of the parol evidence rule. Suffice it to say that we have reviewed the testimony carefully and conclude that the challenged testimony dealt with alleged modifications or additions made subsequent to the execution of the written contract. "That the [parol evidence] rule has no application to subsequent agreements of any character, whether oral or written, is settled in a long line of cases." 2 Stansbury, N.C. Evidence (Brandis Rev. 1973), § 258, p. 256 and cases cited therein.

[4] Defendants next maintain that the trial court committed error in excluding testimony of the individual defendant regarding the storage of steel at another site since the testimony was relevant as to the measure of damages suffered by the defendants as a result of the fact that the plaintiff allegedly failed to complete the contract as specified on time. Since the jury answered the fourth issue finding that plaintiff did not breach its contract with defendant, the assigned error would not be prejudicial to defendants. Where the rights of the parties are determined by the jury's answer to one of the issues, error relating to another issue cannot be prejudicial. *Superior Foods, Inc. v. Harris-Teeter,* 24 N.C. App. 447, 210 S.E. 2d 900 (1975). Moreover, the record does not show what the answer would have been. "Where the record shows exceptions to unanswered questions, without more, the ex-

ceptions will not be considered on appeal. We cannot assume that the answers would have been favorable to the [appellant]." *In re Will of Wilder*, 205 N.C. 431-432, 171 S.E. 611 (1933).

We have examined the defendants' remaining assignments of error and hold that they, too, are without merit.

In the trial below, we find

No error.

Judges CLARK and ERWIN concur.