STATE v. ROBERT C. PFEIFER.

(Filed 30 March, 1966.)

**1. Criminal Law §§ 26, 122—**

In a case less than capital, the setting aside of the verdict and the ordering of a mistrial for serious illness of a juror is within the sound discretion of the trial court, reviewable only in case of gross abuse, and such proceeding will not support a plea of former jeopardy upon subsequent trial.

**2. Escape § 1—**

Where defendant is tried for escape in a municipal recorder's court, his trial upon appeal to the Superior Court cannot exceed the offense over which the recorder's court had jurisdiction, and defendant may not be sentenced in the Superior Court for felonious escape.

MOORE, J., not sitting.

APPEAL from *Falls, J.,* December 1965 Session GASTON Superior Court.

The defendant was called for trial upon a bill of indictment in the October, 1965 Term of Gaston County Superior Court in which he was charged with the felony of a second escape from prison. A jury was sworn and impaneled but before any evidence was offered,

a juror became seriously ill and the judge declared a mistrial, continuing the case to the December 1965 Term. At that time a new bill of indictment was returned, the grand jury charging the defendant with the felony of escape, it being the second offense. When the case was called for trial, the defendant pleaded former jeopardy because of the mistrial at the previous term and, upon this plea being denied, entered a plea of not guilty. The jury rendered a verdict of guilty and from judgment pronounced, the defendant appealed.

*Attorney General Bruton and Staff Attorney Theodore C. Brown, Jr., for the State.*
*J. Ralph Phillips Attorney for the defendant.*

PER CURIAM. The defendant's plea of former jeopardy cannot be sustained. The defendant does not question the serious illness of the juror at the October Term of the court nor that the mistrial was ordered before any evidence had been presented.

"Our court has frequently held that in all cases less than capital the court has discretion to order a mistrial and discharge a jury before verdict in furtherance of justice and the court need not find facts constituting the necessity for such discharge, and ordinarily the action is not reviewable. Such action by the judge is reviewable only in case of gross abuse of discretion." *S. v. Guice*, 201 N.C. 761, 161 S.E. 533; *S. v. Birckhead*, 256 N.C. 494, 124 S.E. 2d 838.

The indictment charges that the first conviction of the defendant was in the Gastonia Municipal Recorder's Court. This is true and that court had jurisdiction over a first offense of escape. Upon his conviction there, he appealed to the Superior Court of Gaston County and was again convicted upon the same charge. That trial and conviction superseded the trial in the Recorder's Court and the bill would, therefore, not support a conviction of a second offense of escape. However, there was ample evidence to support a conviction of an escape, a misdemeanor, and the defendant may be sentenced therefor. It would not support a charge of felonious escape and the judgment pronounced upon it is hereby set aside. The cause is remanded to the Superior Court of Gaston County for appropriate judgment on the misdemeanor.

Remanded.

MOORE, J., not sitting.