STATE OF NORTH CAROLINA v. ALFRED WILLIAMS

No. 695SC549

(Filed 17 December 1969)

**1. Criminal Law § 128— motion for mistrial — discretion of court**

A motion for a mistrial is addressed to the discretion of the trial judge, and his ruling thereon is not reviewable on appeal in the absence of a showing of an abuse of discretion.

**2. Criminal Law § 128— motion for mistrial — gun and coat brought into courtroom before jury selection**

In this prosecution for armed robbery, the trial court did not err in the denial of defendant's motion for mistrial made before selection of the jury when a deputy sheriff brought a rifle and coat into the courtroom in the presence of the prospective jurors, any conceivable prejudice being removed when the rifle and coat were properly identified and admitted into evidence during the trial.

**3. Criminal Law § 163— broadside exception to charge**

Assignment of error based on an exception to the entire charge of the court is broadside and ineffectual.

APPEAL by defendants from *Mintz, J.,* 21 July 1969 Session NEW HANOVER Superior Court.

The defendant was tried upon a valid bill of indictment charging him with armed robbery, and was found by the jury guilty as charged. From a judgment of imprisonment of not less than twelve nor more than fifteen years, the defendant appealed to the North Carolina Court of Appeals assigning error.

*Robert Morgan, Attorney General, Jean A. Benoy, Deputy Attorney General, and Bernard A. Harrell, Assistant Attorney General, for the State.*

*James L. Nelson and O. K. Pridgen, II, for the defendant appellant.*

HEDRICK, J.

**[1, 2]** Defendant assigns as error the court's denial of his motion for a mistrial. The record discloses that when this case was called for trial a deputy sheriff brought a rifle and a coat into the courtroom in the presence of the prospective jurors. Before the selection of the jury, the defendant moved that the court declare a mistrial. The motion was denied and the court ordered that the gun and coat be removed from the courtroom. During the trial, Danny Burton

Wilkins, victim of the robbery, identified the rifle as the one used by the person that robbed him of approximately $140.00 at about 2:00 a.m. on 2 February 1969 while he was working at the Savings Oil Company service station in Wilmington, North Carolina. Wilkins also identified the coat as the one worn by another person taking part in the robbery. Deputy Sheriff James Brown testified that while he was investigating the robbery later that same night, he found the rifle wrapped in the coat under an abandoned automobile on Highway 132 near the City of Wilmington. Officer Wolfe testified that the defendant admitted that the rifle belonged to him and that he was guilty of the charge against him. The rifle and the coat were admitted into evidence as exhibits for the State. As a general rule, a motion for a mistrial is addressed to the discretion of the trial judge, and the ruling thereon is not reviewable on appeal in the absence of a showing of an abuse of discretion. *State v. Battle,* 267 N.C. 513, 148 S.E. 2d 599 (1966) ; *State v. Pfeifer,* 266 N.C. 790, 147 S.E. 2d 190 (1966) ; *State v. Humbles,* 241 N.C. 47, 84 S.E. 2d 264 (1954).

In the instant case, the appellant has failed to show any abuse of discretion upon the part of the trial judge; moreover, he has failed to show that he was in any way prejudiced by the ruling, or by the act complained of. Any conceivable prejudice was removed when the rifle and the coat were properly identified and introduced into evidence. The assignment of error is overruled.

**[3]**    The appellant's second assignment of error is based on an exception to the entire charge of the court. This is a broadside exception for that it fails to point out specifically that portion of the charge the defendant contends to be erroneous. *State v. Haddock,* 254 N.C. 162, 118 S.E. 2d 411 (1961) ; *State v. McCaskill,* 270 N.C. 788, 154 S.E. 2d 907 (1967) ; *Lewis v. Parker,* 268 N.C. 436, 150 S.E. 2d 729 (1966). Nevertheless, we have carefully examined the entire record on appeal, including the charge, and find it to be free of prejudicial error. We hold that the defendant had a fair and impartial trial.

No error.

MALLARD, C.J., and MORRIS, J., concur.