STATE OF NORTH CAROLINA v. CHARLIE McPHERSON, ROBERT LEE JONES AND RONALD MICHAEL HARRIS

No. 33

(Filed 15 April 1970)

**1. Criminal Law § 66— submission of photographs of 7 or 8 persons to robbery victim**

There is nothing unlawful or inherently wrong in the police submitting to an armed robbery victim photographs of seven or eight persons who fit generally the victim's description of the robbers for possible identification by the victim of his assailants.

**2. Criminal Law § 66— in-court identification — pretrial photographic identification — accidental pretrial confrontation at police station**

In this armed robbery prosecution, the *voir dire* evidence was sufficient to support the trial court's findings of fact and conclusions of law that the victim's in-court identification of defendants were based on his actual observations of defendants prior to and during the robbery, and were neither tainted by the display of seven or eight photographs to the victim by police, from which he identified two of the defendants, nor by an unarranged and accidental confrontation between the victim and the third defendant at the police station.

**3. Criminal Law § 66— in-court identification — suggestive pretrial photographic identification**

Convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.

**4. Criminal Law §§ 99, 170— colloquy between court and counsel — prejudice to defendants**

Although neither counsel nor the court acted with proper dignity or restraint at times during the trial, defendants were not prejudiced by remarks made by the court in the presence of the jury during exchanges with defense counsel.

**5. Criminal Law § 169— exclusion of testimony — refusal to allow answer to be placed in record**

Where the trial court had sustained an objection by the State to defense counsel's question to armed robbery victim as to why he was carrying $3.00 worth of change at the time of the robbery, the trial court did not err in denying the request of defense counsel to permit the answer of the witness to be inserted in the trial record, where cross-examination of the robbery victim had gone far afield and had consumed an unreasonable amount of time in view of the simplicity of the matters at issue, and both the question and answer were immaterial.

**6. Criminal Law § 88— limits of cross-examination — discretion of court**

The limits of legitimate cross-examination are largely within the discre-

tion of the trial judge, and his ruling thereon will not be held error in the absence of showing that the verdict was improperly influenced thereby.

APPEAL by defendants from the decision of the North Carolina Court of Appeals (7 N.C. App. 160) finding no error in the trial before *Bowman, S.J.,* at the June 9, 1969 Session, DURHAM Superior Court.

The defendants, Charlie McPherson, Robert Lee Jones and Ronald Michael Harris, were indicted, tried, convicted and given prison sentences in the Superior Court of Durham County for the armed robbery of Alvin Fisher. The defendants appealed to the North Carolina Court of Appeals, alleging their in-court identifications by Fisher, the victim of the robbery, resulted from the suggestions and activities of the police, in violation of their constitutional rights to a fair trial. Specifically, the defendants McPherson and Jones contend their in-court identifications were influenced by the use of their photographs which were selected and shown to Fisher by the police department of Durham. Harris contends his in-court identification was influenced to his prejudice by his pre-trial identification while he was being interviewed in jail by a member of the Durham Police Department. At the beginning of the trial in the Superior Court, the defendants moved to suppress Fisher's evidence of identification.

The court, in the absence of the jury, heard evidence, found facts, and therefrom concluded that their identifications were based on Fisher's actual observation of the defendants prior to and during the robbery. The in-court identifications were neither tainted by any improper display of photographs of McPherson and Jones, nor by Fisher's having seen Harris at the time he was being interviewed in police headquarters by Officer Leathers. The evidence, findings and conclusions on the voir dire hearing are fully set out on Pages 16-28 of the trial record filed in the Court of Appeals.

The State's evidence before the jury was positive and unequivocal that the three defendants forcibly assaulted the prosecuting witness Fisher, and at the point of a pistol, took from him three $1 bills and $3.00 in change. The defendants did not testify, and did not offer evidence.

During the trial, the defendants took exception to the judge's comments to defense counsel upon the ground they constituted the expression of an opinion adverse to the defendants. They also excepted to the court's refusal to permit counsel for defendant Harris

to insert in the record Fisher's answer to this question: "What you doing carrying three dollars worth of change around?"

After argument and the court's charge, the jury returned a verdict finding all defendants guilty as charged. From sentences of imprisonment, the defendants appealed.

*Robert Morgan, Attorney General; Andrew A. Vanore, Jr., Assistant Attorney General, for the State.*

*C. C. Malone, Jr., for the defendant Charlie McPherson.*

*W. G. Pearson, II, for the defendant Robert Lee Jones.*

*Blackwell M. Brogden, for the defendant Ronald Michael Harris.*

HIGGINS, J.

The defendants argue here they are entitled to have the decision of the Court of Appeals reversed and a new trial awarded because of three alleged prejudicial errors committed during the trial: (1) The failure of the trial judge to sustain objection to the evidence of Alvin Fisher identifying them as the three men who robbed him on the night of April 4, 1969; (2) The prejudicial remarks made by the judge in the presence of the jury; and (3) The refusal of the judge to permit counsel for the defendants to insert in the record the answer to a question which the court, on State's objection, had ruled incompetent.

At the trial, the defendants moved to suppress the in-court identifications of the defendants by the witness Fisher. The court excused the jury and conducted a voir dire hearing to determine the question raised by the defendants' motion.

The evidence before the trial judge on the voir dire examination was not in conflict. The victim, Fisher, and the investigating officer, Cameron, were the only witnesses who gave testimony. In substance, their evidence disclosed that three men, in their late teens, robbed Alvin Fisher by the threatened use of a pistol, taking from him three $1 bills and $3.00 in change. Prior to and during the robbery, Fisher had opportunity, under good lights, to observe his assailants. Immediately after the robbery, he notified the police, giving detailed descriptions of the three men who robbed him.

The day following the robbery, Officer Cameron went to Fisher's home, displayed to him 7 or 8 double photographs (front and side views) and asked whether Fisher recognized any of them. Fisher at once identified the photographs of McPherson and Jones as two of

the men who robbed him. He so informed Officer Cameron. Fisher did not find any photograph of the third robber. The photograph of the defendant Harris was not among those exhibited by Officer Cameron. When Fisher was asked on cross-examination whether his identification was based on his having seen McPherson and Jones at the time of the robbery, or from the pictures, he answered, "Seeing them and the pictures".

On Monday following the hold up, Fisher went to police headquarters for a conference with Officer Cameron, who was investigating the robbery. As Fisher passed one of the interrogation rooms, he happened to observe Officer Leathers in conference with the defendant Harris, whom he recognized immediately as the one who held the gun during the robbery. He immediately so informed Officer Cameron. Fisher identified Harris on first sight. The evidence disclosed that his opportunity to observe Harris in police headquarters was unarranged and was coincidental. Officer Leathers was investigating another case. Officer Cameron was investigating the Fisher robbery. Neither suspected that Harris was implicated in Fisher's case, and neither had anything to do with the confrontation between Harris and Fisher.

[1]    Fisher, who had never seen his assailants prior to the robbery, and Officer Cameron, who had only Fisher's description to guide him in the selection of the 7 or 8 photographs for Fisher's examination, were following the customary investigative procedure where the participants were unknown to the victim or to the police. The officer, on the basis of the descriptions given to him by the victim, selected 7 or 8 photographs, presumably of persons who, to some extent, answered the descriptions. There is nothing unlawful or inherently wrong in submitting photographs under such circumstances. It is worthy of note that in the probing cross examinations of Fisher and Cameron, defense counsel ascertained that Cameron had with him in court the pictures which he displayed to Fisher and from which Fisher made the identifications. These pictures were kept from the jury by the action of the defendants. Although they had been identified, they were excluded on the defendants' objection.

The involvement of Harris in Fisher's case may be the key to what McPherson meant by his remark to Fisher at the beginning of the robbery, "You are next".

[2]    The court found as a fact, and concluded as a matter of law, that Fisher's in-court identifications of the defendants were neither tainted by the display of the photographs of McPherson and Jones, nor by the accidental confrontation between Fisher and Harris. The

evidence and findings dispose of the defendants' first assignment of error. *State v. Wright,* 275 N.C. 242, 166 S.E. 2d 681; *State v. Williams,* 274 N.C. 328, 163 S.E. 2d 353, *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1; *State v. Barnes,* 264 N.C. 517, 142 S.E. 2d 344.

[3]    The exhibitions of the photographs and the ruling that the in-court identifications were proper are also supported by federal decisions. *Simmons, et als v. United States,* 390 U.S. 377; *Stovall v. Denno,* 388 U.S. 293; *Gilbert v. California,* 388 U.S. 263; *United States v. Wade,* 388 U.S. 218. In *Simmons,* the Supreme Court of the United States said:

> "Despite the hazards of initial identification by photograph, this procedure has been used widely and effectively in criminal law enforcement, from the standpoint both of apprehending offenders and of sparing innocent suspects the ignominy of arrest by allowing eyewitnesses to exonerate them through scrutiny of photographs. The danger that use of the technique may result in convictions based on misidentification may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method's potential for error. We are unwilling to prohibit its employment, either in the exercise of our supervisory power or, still less, as a matter of constitutional requirement. Instead, we hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. . . ."

After all, the dominant function of the criminal law is to protect society from criminals rather than to protect criminals from punishment.

[4]    The defendants contend they are entitled to a new trial on account of the court's prejudicial remarks made in the presence of the jury. The exchanges between the court and defense counsel are set out in the opinion of the Court of Appeals. At times, neither counsel nor the court acted with proper dignity and restraint during the trial. However, we see nothing in the discussion or exchanges that would prejudice the jury in favor of or against either party. *State v. Faust,* 254 N.C. 101, 118 S.E. 2d 769; *State v. Carter,* 233 N.C. 581, 65 S.E. 2d 9; *State v. Jones,* 181 N.C. 546, 106 S.E. 817.

[5, 6]    Following the lengthy cross examination of Fisher by counsel for both McPherson and Jones, counsel for Harris re-surveyed

the entire field. At the end of the cross examination, counsel for Harris asked this question: "What you doing carrying three dollars worth of change around?" The court sustained the objection and the motion for a new trial based thereon was overruled. The court denied the request of counsel to permit the answer of the witness to be inserted in the trial record. Ordinarily, this Court does not approve the refusal of the trial court to permit counsel to insert in the record the answer to a question to which objection has been sustained. However, in this instance a number of things are obvious. The cross-examinations had gone far afield and had consumed an unreasonable amount of time in view of the simplicity of the matters at issue. These cross-examinations produced nothing of value to the defense. Three dollars in change in the pocket of Fisher, who was on his way to the store, neither impeached his testimony nor justified the defendants in taking it from him at the point of a pistol. Both the question and the answer were immaterial. "The limits of legitimate cross-examination are largely within the discretion of the trial judge, and his ruling thereon will not be held for error in the absence of showing that the verdict was improperly influenced thereby." *State v. Edwards,* 228 N.C. 153, 44 S.E. 2d 725. The exclusion of the answer under the circumstances here disclosed was not error.

After careful review, we conclude the decision of the North Carolina Court of Appeals finding no error in the trial is amply sustained by legal authority. The decision is

Affirmed.