STATE OF NORTH CAROLINA v. BONNIE LEE DAYE

No. 42

(Filed 16 June 1972)

1. **Criminal Law § 162— admission of evidence — assignment of error**

    An assignment of error to the admission of evidence must set out the evidence which defendant contends should not have been admitted. Supreme Court Rule 19(3).

2. **Criminal Law § 162— waiver of objection**

    Defendant waived objection to questions asked by the solicitor by failing to object thereto.

3. **Criminal Law § 88— cross-examination of defense witnesses — insulting or impertinent questions**

    While a solicitor may ask a defendant or his witness questions tending to discredit his testimony, no matter how disparaging the questions may be, the solicitor may not needlessly badger or humiliate a witness by asking insulting or impertinent questions which he knows will not elicit competent or relevant evidence.

4. **Criminal Law § 88— scope of cross-examination — discretion of court**

    The trial judge, who sees and hears the witnesses and knows the background of the case, has wide discretion in controlling the scope of cross-examination.

State v. Daye

**5. Criminal Law § 128— mistrial — discretion of court**

A motion for mistrial in cases less than capital is addressed to the trial judge's sound discretion, and his ruling thereon (without findings of fact) is not reviewable without a showing of gross abuse of discretion.

**6. Criminal Law §§ 89, 169— cross-examination of defendant — acquaintance with other persons on trial calendar**

In a prosecution for possession and sale of heroin, the trial court did not commit prejudicial error in permitting the solicitor to cross-examine defendant by reading from the trial calendar numerous names of persons charged with violating narcotic laws and asking defendant questions concerning his acquaintance and association with each of them, such evidence not being so material and prejudicial to defendant's rights in light of defendant's past record, his answers to the questions and the State's compelling eyewitness testimony that a different result would have likely ensued.

**7. Criminal Law § 89— cross-examination of defendant — indictments for other crimes — nonretroactivity of new rule**

The rule that a witness, including the defendant in a criminal case, may no longer be cross-examined for impeachment purposes as to whether he has been indicted or is under indictment for a criminal offense other than that for which he is then on trial applies only to trials begun after 15 December 1971, the date of the decision of *State v. Williams*, 279 N.C. 663.

ON *Certiorari* to the North Carolina Court of Appeals to review its decision (13 N.C. App. 435) finding no error in the trial before *Hobgood, J.*, at 12 April 1971 Session of DURHAM Superior Court.

Defendant was charged in a bill of indictment with the felonious possession of heroin, and in a separate bill of indictment he was charged with the felonious sale of heroin. The charges, to which he entered pleas of not guilty, were consolidated for trial.

The State's evidence tended to show that on 16 February 1971 police officer S. H. Conant, while working as an "undercover agent" for the Narcotics Squad of the Durham Police Department, purchased 13 bindles of white powder from defendant. A chemist employed by the State Bureau of Investigation testified that the white powder contained heroin.

Defendant testified and denied that he had ever possessed or sold heroin to anyone and, particularly, that he had never sold heroin to Officer S. H. Conant. On direct examination

defendant testified that he had been convicted of numerous crimes.

Danny Gilbert Barbee, testifying for defendant, stated that he was, at that time, in jail awaiting trial on charges of possession and sale of narcotics. He stated that upon his arrest his bond was set at $10,000.00, and that thereafter Durham police officers had released him for the purpose of "setting up" Bonnie Lee Daye by putting dope in his house. Barbee was brought back to jail because he failed to "bust Bonnie Daye." Cross-examination of defendant and his witness will hereinafter be more fully considered.

The jury returned verdicts of guilty to both charges, and defendant appealed from judgment imposing prison sentences of five years on each charge, to run consecutively. We allowed defendant's petition for certiorari to the North Carolina Court of Appeals on 7 March 1972.

*Attorney General Morgan, Deputy Attorney General Bullock, and Associate Attorney Conely for the State.*

*A. H. Borland and Ronald H. Ruis for defendant.*

BRANCH, Justice.

Defendant's first assignment of error is that the trial court erred in allowing impeachment of defendant and defendant's witness by reference to the week's trial calendar on which the name of the witness appeared.

On direct examination defendant testified concerning numerous arrests and convictions resulting from violations of the liquor and motor vehicle laws. He stated that he had served time in federal prisons on three occasions, and in the State's prisons on two occasions. He further stated: "I have never messed with dope. Naw, Sir, I have never sold anybody any dope."

On cross-examination the Solicitor, *without objection*, read from the trial calendar numerous names of persons charged with violating narcotic laws, and questioned defendant concerning his acquaintance and association with each of them. One typical example of these exchanges is as follows:

Q. . . . Now, you know a young man "Tramp"?

A. Yes sir.

Q. What is his real name?

A. I don't know.

Q. Harry Gulledge, that sound familiar to you?

A. Naw.

Q. How far does he live from you?

A. About a block.

Q. Right down the way from you, right down a little old dirt path, isn't it, right on down from your house?

A. Oh, you can go down it.

Q. —right on down through the dirt path?

A. Uh huh.

Q. And how old is Tramp?

A. I don't know.

Q. He is about 21 or so, isn't he?

A. I don't know. I guess so, looks like he might have been like that.

Q. All these folks live right around you, right within a block of you, don't they?

A. That is right.

Q. Of course, you are aware that all of them too have been arrested this year for selling heroin, aren't you?

A. Yes sir.

Throughout this interrogation defendant did not admit that any of these persons worked for him or were associated with him in the handling of narcotics.

Defendant further stated that his means of livelihood for the past twelve months had been gambling. He admitted that several automobiles which he drove, and which were titled in other persons' names, belonged to him. It was only after the

Solicitor began to examine defendant as to his income tax that his counsel interposed objection. This objection was sustained, and thereafter defendant's counsel requested that the jury be excused. Defendant's counsel, in the absence of the jury, made a motion for mistrial based on the questions directed to defendant's having a retained lawyer and to defendant's income tax. The motion was denied.

[1, 2] Defendant's assignments of error are not in accord with our rules and decisions, in that they do not set out within the assignment the evidence which he contends should not have been admitted. North Carolina Supreme Court Rules of Practice 19(3); *State v. Fox,* 277 N.C. 1, 175 S.E. 2d 561; *S. v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416. Furthermore, defendant failed to object to the questions relating to the trial calendar and thereby waived his objections. *State v. Blackwell,* 276 N.C. 714, 174 S.E. 2d 534; *State v. Sanders,* 276 N.C. 598, 174 S.E. 2d 489. However, we do not choose to dispose of this assignment of error because of failure to observe the rules of this Court.

[3-5] A Solicitor may ask a defendant or his witness questions tending to discredit their testimony, no matter how disparaging the question may be. Nevertheless, the Solicitor may not needlessly badger or humiliate such witnesses by asking insulting and impertinent questions which he knows will not elicit competent or relevant evidence. *State v. Wyatt,* 254 N.C. 220, 118 S.E. 2d 420; *State v. Phillips,* 240 N.C. 516, 82 S.E. 2d 762. It is well recognized, however, that the trial judge, who sees and hears the witnesses and knows the background of the case, has a wide discretion in controlling the scope of cross-examination. *State v. McPherson,* 276 N.C. 482, 172 S.E. 2d 50; *State v. Ross,* 275 N.C. 550, 169 S.E. 2d 875. Likewise, a motion for mistrial in cases less than capital is addressed to the trial judge's sound discretion, and his ruling thereon (without findings of fact) is not reviewable without a showing of gross abuse of discretion. *State v. Battle,* 267 N.C. 513, 148 S.E. 2d 599; *State v. Pfeifer,* 266 N.C. 790, 147 S.E. 2d 190; *State v. Birckhead,* 256 N.C. 494, 124 S.E. 2d 838.

[6] We are unable, from the cold record, to determine the impact upon the jury of the questions directed to defendant concerning people whose names appeared on the trial calendar. Its force is made very questionable by the very fact that it did not stir the defendant's experienced trial lawyer to interpose ob-

jection. In light of defendant's past record, defendant's answers and the State's compelling eyewitness testimony, we do not think that the evidence towards which this assignment of error was aimed was so material and prejudicial to defendant's rights that a different result would have likely ensued. *State v. Swaney,* 277 N.C. 602, 178 S.E. 2d 399; *State v. Brinson,* 277 N.C. 286, 177 S.E. 2d 398; *State v. Sanders, supra.* Certainly, this record does not disclose that the trial judge's ruling or failure to act *ex mero motu* constituted an abuse of his discretion.

For reasons stated, this assignment of error is overruled.

[7]    Defendant next contends that the impeachment of defendant and his only witness by questions showing prior arrests and indictments for criminal offenses by each of them, constituted prejudicial error.

In this connection we note that defendant abandoned this assignment of error in the Court of Appeals in light of the weight of authority contrary to his contention. However, on 15 December 1971 this Court handed down the opinion in the case of *State v. Williams,* 279 N.C. 663, 185 S.E. 2d 174, which, *inter alia,* states:

> "We now hold that, *for purposes of impeachment,* a witness, including the defendant in a criminal case, may *not* be cross-examined as to whether he has been *indicted* or is *under indictment* for a criminal offense other than that for which he is then on trial. In respect of this point, we overrule *State v. Maslin, supra* [195 N.C. 537, 143 S.E. 3], and decisions in accord with *Maslin,* on the basic ground that an indictment cannot rightly be considered as more than an unproved accusation."

Defendant, relying on the holding in *State v. Williams, supra,* petitioned this Court for certiorari, and this Court allowed certiorari. The Court in *Williams* did not decide whether its holding would be applied retroactively. However, in *State v. Harris,* (filed this day) this Court determined that the holding in *Williams* should be applied prospectively only. The Court noted that the change accomplished in *Williams* affected only a rule of evidence, and did not affect a contractual or a vested right. In reaching the conclusion that the decision in *Williams*

should be applied prospectively, Moore, J., speaking for the Court, stated:

" . . . To give *Williams* retroactive effect could easily disrupt the orderly administration of our criminal law. Doubt would be cast upon verdicts of guilty returned in those cases where such questions were asked and answered over objection. Prisoners convicted in such trials could seek release or new trials in post-conviction proceedings. See *Johnson v. New Jersey,* 384 U.S. at 731, 16 L.Ed. 2d at 891, 85 S.Ct. at 1780 (1966). Accordingly, we hold that the rule announced in *Williams* applies only to those trials begun after 15 December 1971, the date of the filing of the opinion in that case. . . . "

Here, the trial commenced on 14 April 1971. *State v. Williams, supra,* does not apply, and this assignment of error is overruled.

The decision of the Court of Appeals is

Affirmed.