STATE OF NORTH CAROLINA v. GAIL LORRAINE YOUNG

No. 7321SC760

(Filed 27 December 1973)

**1. Criminal Law § 128— question by solicitor — failure to declare mistrial**

   The trial court in a prosecution for possession of heroin did not err in failing to declare a mistrial when the solicitor asked defendant whether a codefendant "came home when the police were searching there and found 12 packs of heroin under your house" on another occasion.

**2. Narcotics § 4— possession of heroin — minute amount**

   The possession of even a minute amount of heroin constitutes a violation of G.S. 90-95(a)(3).

**3. Narcotics § 4.5— possession of heroin — instructions**

   The trial court adequately instructed the jury as to what constitutes possession or constructive possession of heroin.

APPEAL by defendant from *Lanier, Judge,* 11 June 1973 Criminal Session of FORSYTH Superior Court.

Defendant was charged in a bill of indictment, in proper form, with the felonious possession of· heroin. She entered a plea of not guilty, the jury returned a verdict of guilty, and from judgment imposing a sentence of not less than two nor more than three years, she appeals.

*Attorney General Robert Morgan, by Assistant Attorney General Ann Reed, for the State.*

*W. Warren Sparrow for defendant appellant.*

BRITT, Judge.

[1] Defendant first assigns as error a question propounded by the district attorney to defendant while testifying in her own behalf. The district attorney was inquiring about a co-defendant who had been living with defendant when he asked,

"And she [the codefendant] came home when the police were searching there and found 12 packs of heroin under your house?" Defense counsel objected and moved for a mistrial. The court sustained the objection but denied the motion for mistrial.

Defendant contends that the court at least should have instructed the jury to disregard the question, but, more properly, should have declared a mistrial. We find no rule by which the judge is required to tell the jury to disregard a question, certainly in the absence of a request to so instruct the jury and there was no request here. A motion for mistrial in cases less than capital is addressed to the trial judge's sound discretion and his rulings thereon are not reviewable on appeal in the absence of a showing of a gross abuse of discretion. *State v. Daye*, 281 N.C. 592, 189 S.E. 2d 481 (1972); *State v. Battle*, 267 N.C. 513, 148 S.E. 2d 599 (1966); *State v. Williams*, 7 N.C. App. 51, 171 S.E. 2d 39 (1969). Defendant here has failed to show any abuse of discretion on the part of the court which would warrant a new trial and this assignment is overruled.

[2] On her second assignment of error defendant contends that since the amount of heroin actually found was so minute it did not amount to a violation of G.S. 90-95 (a) (3) proscribing the use of such substances. We reject the contention. This section provides: " . . . [I]t shall be unlawful for any person: To possess a controlled substance included in any schedule of this Article." For purposes of this section, no limitation is set of the amount of the controlled substance which must be possessed in order to come within its prohibition. The offense is completed by the possession for any purpose other than those specifically authorized exceptions to the article. This assignment is also overruled.

[3] Defendant's final assignment of error is also without merit. Her contention on this assignment is that the court failed to adequately instruct the jury as to what constituted possession or constructive possession of the controlled substance heroin. A careful review of the charge shows it to be in accord with the instruction approved by this court in *State v. Romes*, 14 N.C. App. 602, 188 S.E. 2d 591, cert. denied, 281 N.C. 627.

No error.

Judges PARKER and VAUGHN concur.