STATE OF NORTH CAROLINA v. LINWOOD JEROME HARRIS

No. 7413SC261

(Filed 3 July 1974)

Criminal Law § 128— improper question — denial of mistrial

In an armed robbery prosecution, the solicitor's improper question whether an officer knew what defendant was being held for when the officer saw him at the sheriff's office and his request that the court rule on the question before the officer answered it, which indicated that the solicitor knew the question was improper, were not sufficiently prejudicial to require the trial court to grant defendant's motion for mistrial.

APPEAL by defendant from *Brewer, Judge,* 10 September 1973 Session of BRUNSWICK County Superior Court.

The defendant was charged in a bill of indictment with the felony of armed robbery. A plea of not guilty was entered. From a judgment of guilty as charged and the imposition of a twenty-five year sentence thereon, the defendant gave notice of appeal.

Facts necessary for the determination of this case are set forth in the opinion.

*Attorney General Robert Morgan, by Associate Attorney General Robert P. Gruber for the State.*

*Murchison, Fox and Newton, by Carter T. Lambeth for the defendant-appellant.*

CARSON, Judge.

The sole question presented by this appeal is whether the trial judge committed error by refusing to grant the defendant's motion for mistrial based upon allegedly improper remarks made by the solicitor during the course of the trial. The victim of the crime, a husband and wife, operated the Camellia Motel in Leland. They testified as to the details of the robbery and that they were able to positively identify the defendant. Officer George B. Reid testified concerning his investigation of the robbery and corroborated the testimony of the victim. On cross-examination Officer Reid testified that the defendant was in the custody of the New Hanover sheriff's office when he first saw him. On redirect examination the solicitor propounded the following question:

MR. GREER: Before you answer this question, I want the Judge to rule on it. Do you know what Linwood Jerome Harris was being held for?

MR. LAMBETH: Objection.

THE COURT: Sustained.

At this point the defendant made a motion for a mistrial. This motion was denied.

Certainly, this question was improper. By requesting the judge to rule on it before it was answered, the solicitor clearly indicated that he also knew it was improper. Had the question

been answered, a mistrial might have been necessary. However, the trial court quite properly sustained the defendant's objection.

We disapprove of the action of the solicitor in asking an obviously improper question to try to prejudice the jury by the question rather than the expected answer. We do not, however, deem it to be so prejudicial that the failure of the trial court to grant the mistrial was an abuse of discretion. The granting or denying of a motion for a mistrial is within the sound discretion of the trial court. *State v. Daye,* 281 N.C. 592, 189 S.E. 2d 481 (1972); *State v. Battle,* 267 N.C. 513, 148 S.E. 2d 599 (1966); *State v. Williams,* 7 N.C. App. 51, 171 S.E. 2d 39 (1969). He is in the best position to observe its impact upon the jury and to determine its effect upon the overall trial. His ruling will not be reviewed in absence of an abuse of discretion.

Here, the trial court promptly sustained the defendant's objection. There was an abundance of evidence to sustain the verdict of the jury. The one improper question by the solicitor is not sufficiently prejudicial for us to hold that the trial court abused its discretion in refusing to grant a motion for a mistrial. We hold, therefore, that the defendant received a fair and impartial trial free from prejudicial error.

No error.

Judges BRITT and HEDRICK concur.