STATE OF NORTH CAROLINA v. HOYLE CLAXTON MEDLIN

No. 7420SC681

(Filed 18 September 1974)

Automobiles § 125; Criminal Law § 34— drunken driving — charge of second offense — trial for first offense — references to prior offense — continuance — mistrial

> Where defendant was charged in the warrant with driving under the influence of intoxicating liquor, second offense, the reference to a prior offense when the warrant was read at the arraignment in the presence of prospective jurors prior to the solicitor's announcement that defendant would be tried only for a first offense was proper, and defendant was not prejudiced when, in the selection of the petit jury, the solicitor referred to the warrant and prior offense since the prospective jurors were already aware of the prior offense as set out in the warrant; therefore, the trial court did not abuse its discretion in the denial of defendant's motion for a mistrial and a continuance based on the references to the prior offense.

APPEAL by defendant from *Chess, Special Judge,* 11 February 1974 Session of Superior Court held in STANLY County.

Heard in the Court of Appeals 3 September 1974.

Defendant was convicted in District Court on a warrant charging a second offense of operating a motor vehicle on a public highway while under the influence of intoxicating liquor, a violation of G.S. 20-138. He appealed to Superior Court for a trial *de novo.*

Upon arraignment in the Superior Court, the District Attorney informed the court that the defendant was charged with a second violation of G.S. 20-138 but announced that the State would not ask for a verdict of guilty of driving under the influence, second offense. The defendant was placed on trial for a first offense of driving while under the influence of intoxicating liquor. During the selection of the jury, reference was made by the District Attorney to the prior charge against the defendant, and the warrant was read to prospective jurors. Defendant moved for a mistrial and a continuance. This motion was denied.

The State's evidence tended to show that defendant was driving his truck on the public highway weaving to the left of the center line; that he was staggering and unsteady on his feet when he got out of his vehicle; that there was a strong odor of

alcohol on his breath; his talk was very slurred; and that, in the opinion of the arresting officer, he was under the influence of intoxicating liquor.

Defendant offered no evidence.

The jury returned a verdict of guilty. From judgment imposed thereon, defendant appealed.

*Attorney General James H. Carson, Jr., by Assistant Attorney General William B. Ray and Assistant Attorney General William W. Melvin, for the State.*

*Gerald R. Chandler for defendant appellant.*

BALEY, Judge.

The defendant assigns as error the failure of the court to grant his motion for a mistrial and a continuance. He asserts that the reference to the prior offense of defendant as set out in the warrant which charged him with driving under the influence of intoxicating liquor, second offense, was prejudicial.

Upon arraignment the charge in the warrant of driving under the influence of intoxicating liquor, second offense, was read to defendant in the presence of prospective jurors. This reference to a prior offense as an essential element of that charge was entirely proper. The defendant did not object or move for mistrial at this time. The District Attorney then elected to try defendant only for a first offense. This election was obviously for the benefit of the defendant. Then, in the selection of the petit jury, reference was made to the warrant and the prior offense and upon this occasion defendant made a motion for mistrial and a continuance of the case.

At the time of jury selection it is clear that the prospective members of the jury were already aware of the prior offense of the defendant as set out in the warrant. The additional comment of the District Attorney while not approved did not add any information to that already made public in the arraignment. Whether there was sufficient prejudice to defendant to justify ordering a mistrial and continuance was a matter within the discretion of the trial judge. He was in the best position to make this determination. In the absence of abuse of such discretion —which does not here appear—the action of the trial court in denying the motion for a mistrial and continuance will not be

disturbed. *State v. Daye*, 281 N.C. 592, 189 S.E. 2d 481; *State v. Cox*, 281 N.C. 275, 188 S.E. 2d 356; *State v. Baldwin*, 276 N.C. 690, 174 S.E. 2d 526.

Defendant was tried for a first offense of driving intoxicated. The evidence submitted and the charge of the court related solely to the elements of a first offense. The State's evidence was strong and convincing. Defendant has shown no error sufficiently prejudicial to warrant a new trial.

No error.

Judges BRITT and HEDRICK concur.