State v. Barfield

---

STATE OF NORTH CAROLINA v. ROBERT EARL BARFIELD

No. 748SC137

(Filed 20 November 1974)

1. Searches and Seizures § 4— entry under search warrant — demand of entry — silence of homeowner — entry lawful

Officers' method of entry into defendant's home was lawful where the officers approached his home armed with a warrant to search for heroin, knocked on defendant's door and at the same time announced their identity and their purpose for being there, waited for a minute and a half to two minutes during which time they heard nothing, kicked in the door and entered defendant's home, again announcing their identity and calling for defendant.

2. **Criminal Law § 162— assignment of error to evidence — failure to comply with rules of practice**

Defendant's assignment of error to the trial court's admission of certain evidence did not comply with the Rules of Practice of the Court of Appeals where the assignment did not show what question was intended to be presented for consideration without the necessity of going beyond the assignment itself and where the assignment constituted a grouping under a single assignment of error of a number of exceptions which related to distinct and different questions of law.

3. **Narcotics § 4— constructive possession of heroin — sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in a prosecution for felonious possession of heroin where it tended to show that a small amount of heroin was found in a plastic bag in defendant's garbage can which was located under the carport only a few steps from the door to defendant's house, even though defendant denied any knowledge of the contraband nature of the bag's contents.

4. **Criminal Law § 51— heroin user — opinion evidence — qualification as expert**

The trial court did not err in allowing a witness to express an opinion that powder sold by defendant on an earlier occasion to the witness's uncle was good heroin without first finding that the witness was an expert where the witness's testimony as to her previous experience and use of heroin qualified her to express the opinion given and where defendant did not request that the trial court make an express finding as to the witness's qualification.

5. **Criminal Law § 162— assignment of error to evidence — questions raised**

Where defendant's assignment of error challenged a witness's testimony on the ground that her qualifications as an expert were not established, he cannot contend that her testimony should have been excluded because its only relevance was to show defendant's disposition to commit a crime.

APPEAL by defendant from *Martin (Perry), Judge,* 25 June 1973 Session of Superior Court held in GREENE County.

Defendant was indicted for felonious possession of heroin and pled not guilty. The State presented evidence that on the morning of 6 October 1972 S.B.I. Agents and local officers, after obtaining a search warrant authorizing search of defendant's dwelling for heroin, searched defendant's residence. No heroin was found inside the building, but in a garbage can which was under the carport, ten to twelve feet from the door entering the house, the officers found a plastic bag containing two playing cards on which there was a white powder residue. The State's chemist scraped the powder from the cards, analyzed

State v. Barfield

it, and testified that in his opinion the powder contained heroin. The S.B.I. Agent in charge of the search testified that defendant was present when the search was made and that at that time defendant admitted he had placed the plastic bag and its contents in the garbage can.

Defendant testified that he never possessed any heroin at any time, that when he got home from work on the night before the search he discovered there was a lot of trash in his yard, that he picked this up and put it in the garbage can, and that he did not know how the plastic bag got in his garbage can unless he picked it up during the time he was gathering the trash in his yard at night or unless somebody else put it in the can.

The jury found defendant guilty as charged, and from judgment imposing a prison sentence, defendant appealed.

*Attorney General Morgan by Associate Attorney C. Diederich Heidgerd for the State.*

*Chambers, Stein, Ferguson & Lanning by Charles L. Becton for defendant appellant.*

PARKER, Judge.

[1] Defendant moved to suppress all evidence obtained as result of the search, contending that the search was unlawful on a number of grounds. After conducting an extensive voir dire examination, the court entered an order making findings of fact on the basis of which the court concluded that the search was lawful. Defendant now contends this ruling was error, attacking the legality of the search on the sole ground that the method of entry employed by the officers was unlawful. Defendant does not bring forward in his brief or argument the other grounds on which at the trial he attacked the legality of the search warrant, nor does the record support any of those grounds.

Considering the record as it pertains to the sole ground upon which defendant now contends that the search was illegal, evidence at the voir dire hearing pertinent to the method of entry was as follows: The officers arrived at defendant's house during daylight hours, at about 8 o'clock in the morning of 6 October 1972. They were armed with a valid search warrant. They had previously received information from their confidential source that defendant had told the informer "to come

back on the 6th and there would be a shipment of heroin at that time." When the officers arrived, they found defendant's car and truck in the driveway. They thus had reasonable basis to believe he was at home. Their informer had also told them that defendant would probably attempt to destroy evidence, "[p]ossibly by the use of the bathroom," and the officers had reasonable grounds to believe that this might be done and could be quickly accomplished. One officer went to the front of the house and one to the rear, while S.B.I. Agent Thompson and the two remaining officers went to the carport door. Thompson testified that he knocked on the door and at the same time announced in a tone "probably a little louder than normal voice": "This is the S.B.I.; open the door; I have a search warrant." After waiting "a minute and a half to two minutes" and hearing nothing, Thompson kicked the door in and entered the house, again announcing who he was and calling for defendant. The officers advanced into the house and found defendant sitting upon the edge of the bed in the first bedroom entered.

We find the trial court's essential findings of fact concerning the entry to be supported by the evidence and that these findings support the court's conclusion that the entry was lawful. The officers did knock, announce their identity, state the source of their authority, request admission, and then wait a reasonable length of time before entering the house. The fact that silence greeted their demand for entrance did not make their entry unlawful, see *State v. Hoffman,* 281 N.C. 727, 190 S.E. 2d 842 (1972), and we hold that under the circumstances of this case the forcible nature of the entry did not render the subsequent search illegal.

[2]   Defendant next contends that the trial court erred "by admitting into evidence, over the defendant's objections, testimony which was incompetent, irrelevant, immaterial, remote, inconclusive, conclusory, prejudicial and inflammatory to the defendant." The assignment of error on which this contention is based contains the above language, followed by a long listing of exception numbers and page numbers where presumably the exceptions may be found. This assignment of error does not show what question is intended to be presented for consideration by this Court without the necessity of going beyond the assignment itself, and for that reason it does not conform to the requirements of the Rules of Practice of this Court or of our Supreme Court. *In re Will of Adams,* 268 N.C. 565, 151 S.E. 2d 59

(1966); *Lancaster v. Smith,* 13 N.C. App. 129, 185 S.E. 2d 319 (1971). It also fails to comply with such Rules of Practice for the additional reason that it constitutes a grouping under a single assignment of error of a number of exceptions which relate to distinct and different questions of law. It is not enough that all exceptions grouped under a single assignment of error may present questions in the general field of the law of evidence. *Duke v. Meisky,* 12 N.C. App. 329, 183 S.E. 2d 292 (1971). Accordingly, defendant's assignment of error directed to the court's rulings admitting evidence is ineffectual to bring up any matter for appellate review.

[3] Defendant's motions for nonsuit were properly overruled. An accused has possession of contraband material within the meaning of the law when he has both the power and intent to control its disposition and use. "Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which is sufficient to carry the case to the jury on a charge of unlawful possession." *State v. Harvey,* 281 N.C. 1, 12, 187 S.E. 2d 706, 714 (1972). Here, there was evidence that heroin was found on defendant's premises. The trash can in which it was found was under the carport only a few steps from the door to his house. There was also evidence that defendant admitted that he placed the plastic bag which contained the heroin in the trash can, though he denied any knowledge of the contraband nature of its contents. We hold the evidence in this case sufficient to support the jury's finding defendant knowingly possessed the heroin found in his trash can, and the fact that only a small amount of heroin was here involved did not entitle defendant to a judgment of nonsuit. *State v. Young,* 20 N.C. App. 316, 201 S.E. 2d 370 (1973); *State v. Thomas,* 20 N.C. App. 255, 201 S.E. 2d 201 (1973), cert. denied, 284 N.C. 622, 202 S.E. 2d 277 (1974).

[4] The State presented the testimony of Annie C. Pollock, who admitted she had formerly been a drug addict and that at the time of testifying was serving a prison sentence for possession of heroin. This witness was permitted to testify over defendant's objections that she was present in Kinston, N. C., in the latter part of September, 1972, when defendant sold to her uncle some packages of white powder which defendant then stated to be "good dope," that the purpose of her being present on that occasion was to test the powder after her uncle got it, that she

did test it by injecting it into her veins, and that in her opinion the white powder contained "[g]ood heroin." Defendant now contends that the trial court erred in allowing Pollock to express an opinion that the powder contained heroin, contending there was no showing that she was properly qualified to give such an opinion. We find no error in this regard.

Admittedly the witness was no chemist and did not purport to be. She testified, however, that she had "taken heroin thousands of times" by injecting it through her veins with a needle, and on cross-examination stated that she analyzed the substance "[t]he way the junkies do," she "took some of it." She further testified on cross-examination:

> "No, it couldn't have been sugar. Sugar won't cook up like the way heroin does. It couldn't have been powder either. It wouldn't cook the same. I know heroin from experience. I know the way, all right, the way that it looks and smells and what not, you can tell it from other powders that look like it if you know what you are doing."

We hold that there was a sufficient showing that the witness's previous experience qualified her to express the opinion given. Furthermore, there is no basis for defendant appellant's complaint that the court made no express finding that the witness was qualified to give opinion testimony as an expert witness. Appellant made no request for such a finding, and "[i]n the absence of a request by the appellant for a finding by the trial court as to the qualification of a witness as an expert, it is not essential that the record show an express finding on this matter, the finding, one way or the other, being deemed implicit in the ruling admitting or rejecting the opinion testimony of the witness." *State v. Perry*, 275 N.C. 565, 572, 169 S.E. 2d 839, 844 (1969).

[5] In connection with appellant's assignment of error relating to Pollock's opinion testimony, defendant now contends that her entire testimony as to what occurred at the meeting in Kinston between herself, her uncle, and defendant in September should have been excluded because, so defendant argues, its only relevance was to show defendant's disposition to commit a crime. The assignment of error, however, does not present this question, since it was limited to the question as to the admissibility of the witness's opinion testimony and did not purport to raise any question as to admissibility of testimony as to the

entire transaction. Moreover, in our opinion the testimony was relevant to show defendant's guilty knowledge of the nature of the contraband substance which he was charged with possessing and to show his intent to possess such a substance. *State v. Johnson,* 13 N.C. App. 323, 185 S.E. 2d 423 (1971), cert. allowed, 280 N.C. 724, 186 S.E. 2d 926 (1972), appeal dismissed, 281 N.C. 761, 191 S.E. 2d 364 (1972).

Finally, defendant assigns error to portions of the court's charge to the jury. In our opinion the charge considered as a whole, was free from prejudicial error.

No error.

Chief Judge BROCK and Judge BALEY concur.