STATE OF NORTH CAROLINA v. WENDELL L. HANSLEY

No. 765SC636

(Filed 2 February 1977)

1. Criminal Law § 66— in-court identification — no taint from pretrial photographic identification

Evidence in an armed robbery prosecution was sufficient to support the trial court's conclusion that an in-court identification of defendant by each of three witnesses was based on observation of him at the crime scene and was not tainted by a pretrial photographic identification where the evidence tended to show that the witnesses observed defendant for several minutes in a well lighted food store; they gave complete and accurate descriptions of him; and they stated that they could identify the robber if they saw him again.

2. Criminal Law § 88— limitation of cross-examination — no error

Defendant was not prejudiced where the trial court limited his cross-examination of a witness as to statements made to her concerning the robbery.

3. Criminal Law § 86— cross-examination of defendant for impeachment — no error

The trial court in an armed robbery prosecution did not abuse its discretion in allowing defendant to be cross-examined for impeachment purposes concerning the discovery of marijuana in his apartment.

APPEAL by defendant from *Fountain, Judge*. Judgment entered 2 March 1976 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 12 January 1977.

Upon a plea of not guilty defendant was tried on a bill of indictment charging him with the armed robbery of Jo Ann Scarborough on 21 January 1976. The State's evidence, in pertinent part, tended to show:

On the night in question Jo Ann Scarborough, Linda Melton and Jackie Williams were all working at Parker's Food Store. A man, later identified as defendant, entered the store wearing a hooded gray shirt and sunglasses. He went to the service desk or counter where Linda Melton and Jo Ann Scarborough were and with a gun robbed them of a substantial amount of cash. From her cash register Jackie Williams witnessed the robbery and recognized defendant as someone she had known in high school. The robber left the store with the money and police were called.

Defendant presented testimony, including his own, tending to show that at the time in question he was at his grandfather's home watching television and that he did not own a gun or a hooded gray shirt.

The jury found defendant guilty as charged and from judgment imposing prison sentence of not less than 18 nor more than 25 years, he appealed.

*Attorney General Edmisten, by Associate Attorney Rebecca R. Bevacqua, for the State.*

*James J. Wall for defendant appellant.*

BRITT, Judge.

[1] By his first assignment of error defendant contends the court erred in failing to exclude his in-court identification by the witnesses Linda Melton, Jo Ann Scarborough and Jackie Williams. We find no merit in this assignment.

During the testimony of each of said witnesses, the trial court conducted a voir dire in the absence of the jury to determine if her identification of defendant was of independent origin. In each instance the court found, among other things, on sufficient evidence that on the night of the robbery and at the police station the witness examined more than one hundred photographs, none of which was a photograph of defendant, and failed to select one as being that of the robber; that in early February the witness was shown six photographs of young

black males with light skin and of about the same age and general appearance of defendant; that the six photographs included one of defendant; and without hesitation she selected the photograph of defendant as being a photograph of the robber. In her testimony on voir dire, Jackie Williams testified, and the court found as a fact, that she had been acquainted with defendant casually since about 1967 or 1968; that she went to school with him during those years and had heard that he was distantly related to her husband; that she had seen defendant in the store several days before the robbery and spoke to him; and that she knew his first name but was not sure of his last name.

The court found and concluded that the identification of defendant by each witness was based upon her seeing him at the time of the robbery, and her identification of defendant's photograph did not result from any prompting or suggestion by the police or any other person.

Convictions based upon eyewitness identification at trial following a pretrial identification by photograph will be set aside only when the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed. 2d 1247 (1968). Defendant argues that the procedures used were impermissibly suggestive in that the identification process amounted to a one-man lineup since five of the six photographs seen by the three women on 2 and 3 February had been included in the group of pictures previously reviewed by the women. We reject this contention.

The fact that five photographs had been included in the group of over one hundred seen by the women more than ten days earlier cannot be said to be impermissibly suggestive. It is highly improbable that a witness can recall each individual photograph seen in a group of one hundred photographs almost two weeks earlier. We do not think that any recollection of the previous photographs shown to these witnesses could be sufficient to give rise to a substantial likelihood of irreparable misidentification. The photographs selected for the second photographic identification were those that most resembled the defendant's description and there is nothing to indicate that

State v. Hansley

their exhibition was unduly suggestive or contributed impermissibly to the selection of his photograph.

The evidence was sufficient to support the trial court's conclusion that the in-court identifications were not tainted by any pretrial photographic identification and that the in-court identifications were based upon the witnesses' observation of defendant at the time of the alleged robbery. The evidence tends to show that the witnesses observed defendant for several minutes in a well lighted food store; that they gave a complete and accurate description of him; and that they stated that they could identify the robber if they saw him again. The evidence further indicates that the identification of defendant by the witness Williams was based not only on her observations at the time of the robbery but also on her previous acquaintance with him. This assignment is overruled.

[2]  Defendant contends that the trial court erred in sustaining the prosecution's objections and refusing to allow the cross-examination of one of the State's witnesses concerning statements made to her by her husband and the store manager about the robbery. This contention is without merit.

Defendant argues that cross-examination of this witness about statements made to her concerning the robbery was material and relevant in showing whether other persons had influenced her testimony. It is well settled that the trial judge, who sees and hears the witnesses and knows the background of the case, has wide discretion in controlling the scope of cross-examination. *State v. Daye,* 281 N.C. 592, 189 S.E. 2d 481 (1972); *State v. McPherson,* 276 N.C. 482, 172 S.E. 2d 50 (1970). We perceive no abuse of discretion under the facts in this case. Moreover, we do not think the exclusion of the testimony was prejudicial to defendant. The witness was allowed to answer the questions for the record and we perceive no way the answers would have benefited the defendant. The assignment is overruled.

[3]  Defendant next contends that the trial court erred in permitting him to be cross-examined concerning the discovery of marijuana in his apartment. This assignment lacks merit.

Defendant concedes that cross-examination as to whether he had committed a crime was proper but he contends that his cross-examination exceeded the proper scope and thereby prej-

udiced him before the jury. Although a district attorney may not needlessly badger or humiliate a defendant or witness, he may ask a defendant or witness questions tending to discredit his testimony, no matter how disparaging the question may be. *State v. Daye, supra.* "The limits of legitimate cross-examination are largely within the discretion of the trial judge, and his ruling thereon will not be held for error in the absence of showing that the verdict was improperly influenced thereby." *State v. Edwards,* 228 N.C. 153, 154, 44 S.E. 2d 725, 726 (1947).

The questions asked by the district attorney were intended to impeach the credibility of defendant as a witness. We fail to perceive any abuse of discretion by the trial court in allowing the questions to be answered. The assignment is overruled.

We have reviewed the remaining assignments of error argued in defendant's brief and conclude that they too are without merit. We hold that defendant received a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge MORRIS concur.