State v. Davis

---

STATE OF NORTH CAROLINA v. GARCIA DAVIS

No. 7818SC832

(Filed 20 February 1979)

1. **Criminal Law § 169.3— objectionable evidence—similar evidence subsequently admitted**

   Defendant in an armed robbery case was not entitled to a mistrial where defendant's accomplice, when asked if he had been convicted of armed robbery before, replied, "Yes, me and Garcia Davis both," since defendant himself testified that he had previously been convicted of armed robbery.

State v. Davis

**2. Criminal Law § 113.7— acting in concert—jury instructions proper**

     In a prosecution for armed robbery where the evidence disclosed that defendant formulated the robbery plan, recruited a friend to assist him, furnished the gun, acted as lookout, and drove the getaway car, the trial court properly instructed the jury on the "theory of acting in concert" rather than on the "theory of aiding and abetting."

APPEAL by defendant from *Wood, Judge.* Judgment entered 20 April 1978 in Superior Court, GUILFORD County. Heard in the Court of Appeals 6 December 1978.

Defendant was indicted for the armed robbery of an attendant at a food store.

The evidence tended to show, among other things, the following. Defendant told James Hawthorne that they had to make a "hit" to pay for defendant's Cadillac. Defendant drove Hawthorne to the store, took a gun from his belt, handed it to Hawthorne and told him to go inside and commit the robbery while defendant kept the engine running. When defendant told Hawthorne that all was clear, Hawthorne went inside and robbed the attendant at gunpoint. After the robbery Hawthorne got in the car, and defendant drove away. The gun was returned to defendant, and the pair divided the money. They were arrested shortly thereafter.

Defendant testified that Hawthorne had borrowed his car at the time of the robbery; defendant was not with him and did not go to the scene of the alleged robbery. On cross-examination, he admitted he had been convicted of the armed robbery of a cabdriver. He further stated that James Hawthorne was with him on that occasion and that they also kidnapped the cabdriver.

The jury found defendant guilty as charged, and judgment imposing a prison sentence was entered.

*Attorney General Edmisten, by Associate Attorney Christopher P. Brewer, for the State.*

*Turner, Rollins, Rollins & Clark, by Walter E. Clark, Jr., for defendant appellant.*

VAUGHN, Judge.

[1]  Defendant directs his first assignment of error to the trial court's failure to declare a mistrial following an answer given by Hawthorne while he was being cross-examined by defendant's counsel. In response to the question, "have you been tried and convicted of armed robbery before?" Hawthorne replied, "Yes, me and Garcia Davis both." Defendant immediately moved for a mistrial. In non-capital criminal cases, the granting or refusal of a motion for mistrial rests within the discretion of the judge, and his ruling thereon is not reviewable without a showing of an abuse of discretion. *State v. Daye*, 281 N.C. 592, 189 S.E. 2d 481 (1972). No abuse of discretion has been shown in this case. Furthermore, the defendant himself testified on cross-examination that he had previously been convicted of armed robbery. When evidence is admitted over objection, but the same evidence is later admitted without objection, the objection is waived. *State v. Carey*, 288 N.C. 254, 218 S.E. 2d 387 (1975); *State v. Little*, 278 N.C. 484, 180 S.E. 2d 17 (1971). This assignment of error is overruled.

[2]  Defendant next contends that the trial court erred in charging the jury on the "theory of acting in concert" rather than charging on the "theory of aiding and abetting." The assignment of error is without merit. The evidence discloses that defendant formulated the robbery plan, recruited Hawthorne to assist him, furnished the gun, acted as "lookout" and drove the getaway car. Not only was he present at the scene, but also he was an active participant in the robbery. The judge gave the proper instructions.

Defendant has failed to show prejudicial error.

No error.

Judges MARTIN (Robert M.) and ARNOLD concur.