STATE OF NORTH CAROLINA v. KENNETH RAY LOCKLEAR

No. 8326SC356

(Filed 17 January 1984)

**Criminal Law § 9— failure to instruct on aiding and abetting proper**
> The trial court properly failed to instruct on aiding and abetting where the State's evidence and the theory of the trial was not that defendant aided and abetted in the robbery, but that he acted in concert with the other rob-bers and where defendant's evidence tended to show that he had no knowledge of the robbery and thus could not have knowingly aided or abetted in it.

APPEAL by defendant from *Sitton, Judge.* Judgment entered 29 September 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 18 November 1983.

Defendant was tried for and convicted of robbery with a dangerous weapon. The State's evidence tended to show that: Mae Willie Limas was working at the Pineville Fish Market when two armed men identified as Bobby Locklear, defendant's brother, and Max Morris entered and demanded that she give them the cash drawer, which she did; the men drove away in a gray auto-mobile with South Carolina license plates, and when the police stopped the car later that night defendant was in it. Max Morris, who turned State's evidence, testified that: Defendant gave him and Bobby Locklear the guns, suggested they rob the fish market,

agreed they would split the money three ways, drove them to the market, and waited in the car about 100 yards away; after the robbery Morris returned to the car and left with defendant, but Bobby Locklear left by himself and he did not see him anymore that day or get any of the money.

The defendant's evidence, through the testimony of Bobby Locklear, tended to show that: Bobby Locklear and Morris planned and committed the robbery by themselves and defendant knew nothing about it; though defendant drove them to near the market, which was close to the house of a friend that defendant was on his way to visit, he had no knowledge of their plans, because they did not decide to commit the robbery until after they had left defendant.

*Attorney General Edmisten, by Assistant Attorney General Marilyn R. Rich, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender Malcolm R. Hunter, Jr., for defendant appellant.*

PHILLIPS, Judge.

Defendant, in writing, timely requested the judge to specially instruct the jury with respect to aiding and abetting, and the refusal to give the instruction is cited as error. This contention is without merit. The State's evidence and the theory of the trial was not that defendant aided and abetted in the robbery, but that he acted in concert with the other participators. According to the evidence favorable to the State the only correct charge was the one given—for acting in concert. *State v. Davis,* 40 N.C. App. 68, 252 S.E. 2d 30 (1979). Nor did the defendant's evidence support the aiding and abetting charge since his evidence tended to show that he had no knowledge of the robbery and thus could not have knowingly aided or abetted in it. Furthermore, the acting in concert charge that was given placed a more onerous burden on the State than would have the aiding and abetting instruction requested by defendant, and thus could not have prejudiced his right to a fair trial.

The defendant's contention that the evidence was insufficient to support his conviction is likewise without merit. The evidence of record, remarkably similar to that in *State v. Davis, supra,*

State v. Locklear

clearly meets the standard so well elucidated by Justice Exum in *State v. Joyner*, 297 N.C. 349, 255 S.E. 2d 390 (1979), which need not be restated here.

The defendant also cites as error the sustaining of the State's objection to a question asked Bobby Locklear as to whether he *felt* that the defendant was available to help him in any way in robbing the store. But since the record does not show how the witness would have answered the question the contention is not reviewable. *State v. Satterfield*, 300 N.C. 621, 268 S.E. 2d 510 (1980). The question was manifestly improper in any event since it asked for the witness's feeling, which was not an issue in the case.

No error.

Judges WEBB and EAGLES concur.